# O'CONNOR REDD LLP

ATTORNEYS AND COUNSELORS AT LAW
**200 MAMARONECK AVENUE**
**WHITE PLAINS, NEW YORK 10601**
TELEPHONE (914) 686-1700
TELECOPIER (914) 328-3184

STEVEN M. O'CONNOR*
JOSEPH T. REDD+
JOSEPH A. ORLANDO*
JEREMY D. PLATEK *
VINCENT M. LYONS++
STEVEN R. LAU***

JOHN P. GRILL ▲
APRIL J. LAWS
KEVIN PAGE*
ALAK SHAH++
AMY L. FENNO++
J. MCGARRY COSTELLO
PETER URRETA *
JADE M. TURNER
MICHAEL P. HESS++
ERIN K. FLYNN*

CONNECTICUT OFFICE:
304 Federal Road, Suite 316
Brookfield, Connecticut 06804

*MEMBER NY & CT BARS
***MEMBER NY & DC BARS
+MEMBER NY & CO BARS
▲MEMBER NY & CA BARS
++MEMBER NY & NJ BARS

**DIRECT ALL CORRESPONDENCE TO NY OFFICE**

August 27, 2010

**VIA ECF and REGULAR MAIL**
Magistrate Judge E. Thomas Boyle
United States District Court
100 Federal Plaza
Central Islip, New York 11722

    **Re:** *J. Barrows, Inc. Et al. V. Uvino*
         Case No.:   CV-09-03905-ldw-etb
         Our File No.: D-5329

Dear Hon. Judge Boyle:

    I write to you in further support of my letter, dated August 17, 2010, seeking relevant discovery from counsel for the Uvinos in the above-referenced matter. I am in receipt of Mr. Dahill's letter, dated August 19, 2010, and take this opportunity to respond accordingly. I am fully familiar with the facts of this matter and the discovery that has taken place thus far. I am also available to address these issues at a conference before your Honor.

    The items we requested in our last correspondence were: 1) a timely inspection of the property with our expert; 2) raw income data evidencing the Uvinos income from 2004 through 2008; and 3) the Uvinos' FINRA claim filings against their stockbroker.

Inspection:

    The original letter submitted by Mr. Platek was based upon Mr. Dahill's demand for payment of their counsel and expert's time to appear at the inspection, when their presence is simply not necessary. Mr. Dahill's email correspondence wherein he offered to provide for an inspection after the Uvinos submit their expert report was received by this office after our request for a further conference was submitted. Regardless, and more importantly, the shortened time frame available for the defendants' experts after the submission of the Uvinos' expert report is not adequate.

    The Uvinos are not required to submit their expert report until September 30, 2010

Attn: Hon. Judge Boyle
Re: *J. Barrows, Inc., et al. V. Uvino, et al.*
August 27, 2010
Page 2

---

and the defendants must submit their expert reports by October 29, 2010, after they review the Uvinos' expert report. Although that schedule permits four weeks, given the large number of parties in this matter and the difficulty experienced in scheduling depositions, we anticipate scheduling difficulties arranging for the inspection. Assuming the inspection is performed within two weeks, the defendants' experts will be forced to review the Uvinos' expert report and generate an expert report within a week or two, which is simply not enough in such a complicated case, given the allegations of deficient construction and/or design.

Therefore, we respectfully request that we be permitted to inspect the property promptly, at a time mutually convenient to all parties so that our expert has a sufficient amount of time to perform his own research and generate a comprehensive report. We proposed dates several times without any response from the Uvinos, including a request that the inspection be conducted the day of Mr. Barrows' continued deposition on September 7, 2010.

Uvinos' Income:

As for the Uvinos' financial records, we seek documents evidencing the Uvinos' income in 2004 through 2008, which is relevant on the issue of whether a change in income impacted their decisions their decisions concerning this construction project.

Although Mr. Dahill offered to provide financial statements or bankruptcy filings, we cannot be assured that those financial statements or bankruptcy filings are a complete record of their total income. Nor can we be assured that the Uvinos' offer to provide their income in the form of an interrogatory response will be complete and accurate. Original, incomplete statements and tax filings are required. Therefore, we are requesting the minimum amount of documentation necessary to obtain a complete and accurate accounting of the Uvinos' income for the years 2004 though 2008, such as W2s or Form 1099s. For the sake of brevity, we hereby adopt the further statements made by Ms. Dalli in her letter, dated August 23, 2010, including her reference to the Uvinos' prior testimony and their limited bankruptcy filings.

FINRA filings:

Finally, we seek the Uvinos' FINRA filings because that claim also concerns their income from 2004 through 2008. The Uvinos testified that they are involved in an arbitration involving over a million dollars with their stockbroker. It is likely the stockbroker is asserting similar defenses as JBI in this matter, specifically, regarding the Uvinos' knowledge of their financial condition, including over-concentration in share ownership, and the time frame of their knowledge. The Uvinos' knowledge of their finances is critical to JBI's defense because they repeatedly point to their lack of knowledge regarding expenses, finances, and the cost of this construction project.

Attn: Hon. Judge Boyle
Re:  *J. Barrows, Inc., et al. V. Uvino, et al.*
August 27, 2010
Page 3
___

  Therefore, in light of all of the foregoing, we respectfully request: 1) an inspection of the Uvinos' home with our expert at a date and time sufficient for our experts, 2) W2s and 1099s evidencing the Uvinos' income from 2004 through 2008, and 3) the Uvinos' and their stockbroker's FINRA filings.

  In light of all of the foregoing, we respectfully request that your Honor grant the above-enumerated discovery.

         Very truly yours,

         O'CONNOR REDD LLP

         Alak Shah

AS/