# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

September 9, 2010

**BY ECF AND FIRST CLASS MAIL**

Hon. Leonard D. Wexler
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

      Re:    J. Barrows, Inc. v. Uvino, et al.;
               Uvino v. Kaehler-Moore Architects, LLC, et al.
               Docket No. 09-03905

Dear Judge Wexler:

      We represent Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs Joseph Uvino and Wendy Uvino (the "Uvinos") in the above-referenced matters. We write in reponse to the September 2, 2010 letter of Plaintiff and Counterclaim Defendant John Barrows, Inc. ("JBI") to the Court, which incorrectly advises the Court that the Uvinos have discontinued their claims against additional defendant on the counterclaims, F. Schneider Contracting Corp. ("F. Schneider"). In fact, as set forth in more detail below, although the Uvinos had discussions with counsel for F. Schneider, the Uvinos have not discontinued any claims against defendant F. Schneider, or any other party to this litigation. In any event, the matters raised in JBI's September 2, 2010 correspondence do not have any impact on JBI's request for leave to implead additional fourth-party defendants, which JBI is not entitled to at this late stage in the litigation, for the reasons set forth the Uvinos' August 12, 2010 correspondence to the Court. Notably, Mr. Platek, counsel for JBI, has been aware, since he became involved in this case in early 2009, that counsel for F. Schneider has never once participated in any aspect of this case.

      In early 2008, Mr. Uvino and counsel for F. Schneider corresponded regarding a potential resolution of the claims in this matter, after which, counsel for F. Schneider released the mechanic's lien filed by F. Schneider with respect to the Uvinos' property. Although the parties were discussing a potential resolution, the terms of such resolution were never agreed upon and memorialized. Accordingly, F. Schneider later filed a Proof of Claim in the Uvinos' bankruptcy proceeding in early 2010 for the full amount of the previously released mechanic's lien on the Uvinos' property.

As a result of the foregoing, there is no basis to grant JBI's request to implead F. Schneider, who is still a party to this litigation, or to implead any other parties, for the reasons set forth in the Uvinos' August 12, 2010 correspondence to the Court. JBI's requests for leave to implead F. Schneider or any additional fourth-party defendants should be denied.

Respectfully submitted,

William F. Dahill

cc: All Counsel (by First Class Mail)