# O'CONNOR REDD LLP

STEVEN M. O'CONNOR*
JOSEPH T. REDD+
JOSEPH A. ORLANDO*
JEREMY D. PLATEK *
STEVEN R. LAU***

ATTORNEYS AND COUNSELORS AT LAW
**200 MAMARONECK AVENUE**
**WHITE PLAINS, NEW YORK 10601**
TELEPHONE (914) 686-1700
TELECOPIER (914) 328-3184

JOHN P. GRILL ▲
APRIL J. LAWS
KEVIN PAGE*
ALAK SHAH++
AMY L. FENNO++
J. MCGARRY COSTELLO
PETER URRETA *
JADE M. TURNER
MICHAEL P. HESS++
ERIN K. FLYNN*

*MEMBER NY & CT BARS
***MEMBER NY & DC BARS
+MEMBER NY & CO BARS
▲MEMBER NY & CA BARS
++MEMBER NY & NJ BARS

CONNECTICUT OFFICE:
304 Federal Road, Suite 316
Brookfield, Connecticut 06804

**DIRECT ALL CORRESPONDENCE TO NY OFFICE**

November 11, 2010

**VIA ECF**
Magistrate Judge E. Thomas Boyle
United States District Court
100 Federal Plaza
Central Islip, New York 11722

    **Re:**    ***J. Barrows, Inc. Et al. V. Uvino***
           Case No.:    CV-09-03905-ldw-etb
           Our File No.: D-5329

Dear Hon. Judge Boyle:

    We represent J. Barrows Inc. on the counterclaim asserted by the Uvinos. A dispute has arisen regarding depositions of expert witnesses. In an apparent effort to create issues and impede discovery, in advance of the expert depositions, which you have ordered to be concluded by December 7, 2010. The Uvinos' counsel, William Dahill, has taken the position that he will not produce his expert for more than one, 7 hour, day of testimony.

    We seek an Order allowing for two days of testimony from the Uvinos' expert.

    Mr. Dahill's refusal to allow more than one day of testimony is unreasonable. First, and foremost, the Uvinos have brought claims against multiple parties and, as a result, almost every deposition in this case has gone on for more than one day. Further, their expert's report is 31 pages in length with references to numerous exhibits and documents (See Exhibit "A"). That report supports the pages of allegations made by the Uvinos concerning alleged defects at their premises. Clearly, inquiry into the sum, substance and the bases for Mr. Waldron's opinion will likely take more than seven hours.

    I have no doubt that Mr. Dahill will respond that I am being unreasonable since he had "agreed" to limit the testimony of all of the other experts to one day. (See Exhibit "B")

    Mr. Dahill's anticipated protestation is belied by the fact that the other parties who have produced expert reports are willing to make their experts available for two days of

testimony. Moreover, Mr. Dahill's "concession" is nothing more than a ruse, given that it is his clients who have asserted claims against multiple parties and it is the other defendants who are merely defending those claims.

    I thank you in advance for your consideration and attention to this matter.

                                    Very truly yours,

                                    O'CONNOR REDD LLP

                                    Jeremy D. Platek

cc:    All parties (Via Fax and ECF)