# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

November 11, 2010

**BY ECF AND FIRST CLASS MAIL**

Magistrate Judge E. Thomas Boyle
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:    J. Barrows, Inc. v. Uvino, et al.;
               Uvino v. Kaehler-Moore Architects, LLC, et al.
               Docket No. 09-03905

Dear Magistrate Judge Boyle:

      We represent Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs Joseph Uvino and Wendy Uvino (the "Uvinos") in the above-referenced matter. We write in response to the letter to the Court of today's date from Mr. Platek, counsel for Counterclaim Defendant John Barrows, Inc.

      Mr. Platek's letter contains significant misrepresentations regarding the communications that transpired between the parties and the alleged "dispute" which he states has arisen between the parties regarding the depositions of expert witnesses. As will be plainly apparent to the Court upon a review of counsel's exchanges, which are annexed to Mr. Platek's letter, earlier this week we wrote to counsel for <u>all</u> parties to initiate a discussion about the scheduling of depositions for <u>all</u> expert witnesses, not just the Uvinos' expert, and to suggest that the parties confer together in order to devise a method for conducting the depositions that would, to the extent possible, avoid delay and duplicative questioning and allow the depositions to be completed in a time frame which would permit the parties to continue to adhere to the current scheduling order in place in this matter. At no time did we ever limit the discussion to the Uvinos' expert, and at no time did we ever state that the Uvinos expert would only be produced for one seven hour day. Your Honor will find no statements to this effect in any of the correspondence annexed to Mr. Platek's correspondence.

      Rather, in response to a simple invitation to all parties to determine whether the proposed examinations would in fact exceed the presumptive seven hour limit under the Federal Rules of Civil Procedure, and if so, to agree on a basis for so exceeding the Rules, we were

confronted instead with Mr. Platek's non-negotiable position that the parties impose a blanket allotment of fourteen hours of questioning per witness, in the form of two seven hour days of depositions, for each of five witnesses, three proffered by Third-party Defendant Kaehler-Moore Architects, LLC. Mr. Platek has further refused to provide any justification for why each expert ought to be subject to upwards of fourteen hours of questioning. Accordingly, Mr. Platek's position appears to be nothing more than another attempt to delay this matter.

Under such a rubric, the parties would be unlikely to complete the depositions on the timeline provided by the Court, and Mr. Platek has refused to justify why such examinations would be necessary, or to make any effort at all to comply with the Rules, which, at a minimum, require that the parties demonstrate good cause for enlarging the time limit. It is our belief that, despite the presence of multiple parties to this litigation, each of the expert witness depositions in this matter (including the Uvinos' expert) can, with proper planning, be completed in seven hours (or less). To the extent that the examinations cannot be completed in that time, the parties should be required to show good cause for the enlargement of the time limit, and the time limit should only be enlarged as is necessary to complete the deposition, and not on a blanket basis. Again, we tried to have this discussion with counsel, but they have refused to address the matter substantively. It should be noted further that the previous multiple-day depositions referred to by Mr. Platek in his correspondence were largely occasioned by duplicative and irrelevant questioning not contemplated by the Federal Rules.

In addition, Mr. Platek has neglected to raise before the Court our request that the parties agree that the amendments to Federal Rule of Civil Procedure Rule 26 extending the scope of the work product doctrine to encompass draft expert reports and most communications between experts and counsel, which become effective December 1, 2010, be applicable to this matter. The Supreme Court has designated that the amendments, which are obviously designed, among other things, to streamline the scope of expert examination and avoid examination on collateral issues, such as expert-counsel communications, shall govern in all proceedings commenced after December 1, 2010, and "insofar as just and practicable, all proceedings then pending." In response to our suggestion, we received Mr. Platek's blanket response, again without justification, that he would not agree to the application of the amendments to this case. We believe that the amendments would serve to eliminate collateral issues in the expert examinations in this case (especially given the extent of examination proposed by Mr. Platek), and, as Mr. Platek has failed to articulate why it would be unjust and/or impracticable to apply the amendments to this case, we respectfully request that the Court hold them applicable in this matter, even for expert depositions conducted prior to December 1, 2010, so that all experts who are deposed will be treated in the same manner.

Respectfully submitted,

William F. Dahill

cc: All Counsel (by First Class Mail)