# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

November 18, 2010

**BY ECF AND FEDERAL EXPRESS**

Magistrate Judge E. Thomas Boyle
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:    J. Barrows, Inc. v. Uvino, et al.;
                Uvino v. Kaehler-Moore Architects, LLC, et al.
                Docket No. 09-03905

Dear Magistrate Judge Boyle:

      We represent Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs Joseph Uvino and Wendy Uvino (the "Uvinos") in the above-referenced matter.

      As you are aware on November 11, 2010, both Jeremy Platek, Esq., Counsel for Counterclaim Defendant John Barrows, Inc., and the Uvinos submitted written applications to the Court concerning the parties' disagreement regarding the length and scope of expert depositions in this matter. See Docket Nos. 69 and 70. On November 17, 2010, the Court denied both applications without prejudice for failure to comply with Local Civil Rule 37.3(a) which requires that the parties confer in good faith in person or by telephone prior to seeking judicial resolution of a discovery dispute. The parties have now met and conferred at length telephonically pursuant to Local Rule 37.3, and also by email, and have partially resolved their disagreements respecting the upcoming depositions. The Uvinos agreed to produce their expert for up to two days of examination, subject to the right to object and/or seek a protective order in the event that the questioning becomes excessively duplicative or otherwise inappropriate. Accordingly, the deposition of the Uvinos' expert is scheduled to begin on November 30, 2010, without prejudice to any parties' position regarding the second area of dispute, the application to this litigation of the proposed amendments to Federal Rule of Civil Procedure 26, effective December 1, 2010, which extend the scope of the work-product doctrine to encompass draft expert reports and most communications between experts and counsel, and, as a consequence, limit the potential topics of examination for expert depositions to the substance of the expert's report. At least some of the parties continue to disagree regarding the application to this matter

of the amendments to Rule 26. Accordingly, the Uvinos respectfully re-submit their request to the Court on the issue of the application to this matter of the amendments to Rule 26 on or after December 1, 2010 and request that the Court consider the matter and hold the amendments to be applicable to this litigation for the reasons set forth below.

As the Court is aware, the amendments to Rule 26, in pertinent part, apply work-product protection to: (1) the discovery of draft reports by testifying expert witnesses and, with three important exceptions, (2) communications between those witnesses and retaining counsel. See Prospective Amendments, Federal Rule of Civil Procedure 26(b)(4)(B-C). The three exceptions to this protection are: (1) communications pertaining to the expert's compensation; (2) communications identifying facts or data that the attorney provided and the expert considered in forming opinions; and (3) communications identifying assumptions that the attorney provided and the expert relied on. The Supreme Court has held that the Rule shall govern in all proceedings commenced after December 1, 2010, "and, insofar as just and practicable, all proceedings then pending." See United States Supreme Court Order dated April 28, 2010 (US Court Order 2010-33).

As stated by the Report of the Judicial Conference Committee on Rules of Practice and Procedure to the Chief Justice of the United States and Members of the Judicial Conference of the United States recommending the new amendments (the "Report"), annexed hereto as Exhibit A, the new amendments were proposed to address "significant practical problems" created by the 1993 revisions to Rule 26, which were interpreted to allow discovery of all communications between counsel and expert witnesses and all draft expert reports. See Exhibit A at 24. As the Report observed, as a result of the 1993 amendments:

> "[L]awyers and experts take elaborate steps to avoid creating any discoverable record and at the same time take elaborate steps to attempt to discover the other side's drafts and communications. The artificial and wasteful discovery-avoidance practices . . . add to the costs and burdens of discovery, impede the efficient and proper use of experts by both sides, needlessly lengthen depositions, detract from cross-examination into the merits of the expert's opinions, make some qualified individuals unwilling to serve as experts, and can reduce the quality of the experts' work.

See Exhibit A at 24-25.

With respect to expert depositions, the Report further states that:

Notwithstanding these tactics, lawyers devote much time during depositions of the adversary's expert witnesses attempting to uncover information about the development of that expert's opinions, in an often futile effort to show that the expert's opinions were shaped by the lawyer retaining the expert's services. Testimony and statements from many experienced plaintiff and defense lawyers presented to the advisory committee before and during the public comment period showed that such questioning during depositions was <u>rarely successful in doing anything but prolonging the questioning</u>. Questions that focus on the lawyer's involvement instead of on the strengths or weaknesses of the expert's opinions do little to expose substantive problems with those

2

opinions. <u>Instead, the principal and most successful means to discredit an expert's opinions are by cross-examining on the substance of those opinions and presenting evidence showing why the opinions are incorrect or flawed.</u>

See Exhibit A at 25 (emphasis added).

The advisory committee's analysis considered by the Judicial Conference also showed that many experienced attorneys recognize the inefficiencies of, among other things, "wasting valuable deposition time in exploring every communication between lawyer and expert and every change in the expert's draft reports." See Exhibit A at 25-26. Accordingly, the committee found that "[m]any experienced lawyers routinely stipulate at the outset of a case that they will not seek draft reports from each other's experts and will not seek to discover such communications." Finally, the changes to Rule 26 received broad support from trial lawyers and bar organizations, and still permit inquiry into those areas important for learning the potential strengths and weaknesses of an expert's report, including communications regarding the expert's compensation, and those facts, data or assumptions provided by the lawyer that the expert utilized in forming his or her opinion.

For the reasons examined and articulated by the Judicial Conference, it is just and practicable to apply the amendments in this litigation. There will be no prejudice to any party, as no experts have been previously deposed, so the new rules will have equal application to all parties' experts. Moreover, no party has articulated any other reason why it would be unjust and/or impracticable to apply the amendments to this case.

The parties have agreed to delay the examination of any expert on these topics until the Court has issued a ruling on this matter. Accordingly, we hereby respectfully request, if at all feasible, that the Court hold the proposed amendments applicable to this matter, and that the Court do so on or before December 2, 2010. In the event that the Court is unable to rule on this matter prior to December 2, or in the event that the Court denies the application of the amendments to this case (which will likely result in lengthier examinations), we respectfully request, with all parties' agreement, a short extension from December 7, 2010 in order to complete the expert depositions in this matter. In addition, a short extension may also be necessary to permit the parties to examine the other four experts besides the Uvinos' experts, given the later placement of the Uvino expert deposition as a result of the parties' efforts to reach agreement on these matters.

Accordingly, the Uvinos respectfully request an order directing that the amendments to Rule 26 apply to this action on or after December 1, 2010

Respectfully submitted,

William F. Dahill

Encl.
cc: All Counsel (by First Class Mail)

3