# DREIFUSS BONACCI & PARKER, LLP
## ATTORNEYS AT LAW

David C. Dreifuss (NJ)
JoAnne M. Bonacci (NJ & PA)
Ronald I. Parker (NJ & NY)

Derek A. Popeil (NJ & NY)
Paul H. Mandal (NJ & NY)
Eli J. Rogers (NJ & NY)
Brian M. Greene (NJ & MA)
Paul M. McCormick (NJ & NY)
Michael R. Minnefor (NJ & NY)

26 Columbia Turnpike
*North Entrance*
Florham Park, New Jersey 07932

(973) 514-1414
Telefax (973) 514-5959

Writer's E-mail Address:
erogers@dbplawfirm.com

Five Penn Plaza
23rd Floor
New York, New York 10001
(212) 835-1514

1500 Market Street
12th Floor
East Tower
Philadelphia, Pennsylvania 19102

*Please reply to New Jersey Office*

February 4, 2011

**VIA ELECTRONIC FILING AND REGULAR MAIL**

The Honorable Leonard D. Wexler, U.S.D.J.
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

      Re:    J. Barrows, Inc. v. Uvino, *et al.*
              Index No. 09-03905

Dear Judge Wexler:

      We are substituted counsel for Plaintiff, J. Barrows, Inc. ("JBI") and Counterclaim Defendant/Third-Party Defendant John Barrows in the above-referenced matter. Mr. Barrows' and JBI's prior counsel, Katheryn Dalli, filed a Substitution of Counsel late Tuesday afternoon, February 1, 2011. Likewise, late Tuesday afternoon, February 1, 2011, we filed our Notice of Appearance in this action.

      After we made our appearance in the action, we received a copy of Mr. Dahill's January 31, 2011 correspondence requesting a briefing schedule and setting a unilateral deadline for same of the close of business February 1, 2011, the next business day. (Since we had not yet appeared in the action prior to February 1, 2011, we were not included in Mr. Dahill's distribution list for his January 31, 2011 letter.) In his January 31st letter, Mr. Dahill threatened that absent receiving a briefing schedule by his unilateral deadline of the close of business Tuesday, that he would advise the Court that all counsel had waived their right to move for summary judgment.

      Respectfully, it is beyond Mr. Dahill's role to make any unilateral determination that the plaintiff, or indeed, any party other than his own clients, have waived their rights to move for summary judgment. Moreover, upon our receipt of the January 31st letter, we immediately sent an email to all counsel (including Mr. Dahill), advising them of our appearance in the action. We further advised that we were in the process of obtaining the file, and would get back to them with JBI's and Mr. Barrows' summary judgment briefing schedule. A copy of the email that we sent is attached hereto as **Exhibit A**. We note that Mr. Dahill, for whatever reason, chose not to provide the Court with a copy of this email. However, despite clear communication from our office that JBI and Mr. Barrows still intend to move for summary judgment, on Wednesday, February 2, 2011, we received a communication from Mr. Dahill to Chambers, requesting that the Court establish a schedule for preparation of the Final Pre-Trial Order. We must object to counsel's attempts to dictate to this Court the timing and pace of this matter.

The Honorable Leonard D. Wexler, U.S.D.J.
February 4, 2011
Page 2

      That being said, consistent with my February 3, 2011 telephone discussion with Mr. Ausili, we would like to take this opportunity to assure the Court that we remain willing to work with the parties in establishing a schedule for briefing motions for summary judgment. We are moving quickly to obtain the files relating to this matter, which includes two years' worth of prior proceedings as quickly as possible. We respectfully request a reasonable time to do so, and thus request that the Court deny the Uvinos' improper and unilateral request for entry of a schedule for preparation of the Final Pre-Trial Order, which is nothing more than an attempt to cut off the parties' legal entitlement to move for summary judgment.

      In light of the amount of document discovery and depositions in this matter, we respectfully request a few weeks in order to review this matter before proceeding forward to establish a briefing schedule for summary judgment. We therefore respectfully seek the Court's imprimatur to provide a reasonable time to obtain the files, before we are prepared to set a briefing schedule.

      In the meantime, despite Mr. Dahill's attempt to unilaterally speak for our clients, we wish to reiterate that JBI and Mr. Barrows fully intend to seek summary judgment in accordance with the permission previously granted by this Court. It is respectfully submitted that Summary Judgment will streamline the issues that remain for trial. We thank the Court for its consideration of this request.

                                         Respectfully submitted,

                                         Eli J. Rogers

EJR:nl
cc: All Counsel of Record (via ECF)