

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

Lance J. Kalik
Partner

Direct:
t: 973.451.8447
f: 973.451.8667
lkalik@riker.com
Reply to: Morristown

September 14, 2011

**VIA ECF, FACSIMILE & FEDERAL EXPRESS**

Hon. Leonard D. Wexler
United States Senior District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  **J. Barrows, Inc. v. Uvino, et. al.**; Civ. Act. No.: 09-cv-03905

Dear Judge Wexler:

We represent Harleysville Worcester Insurance Company ("Harleysville"), the insurance carrier for Plaintiff/Counter-Claim Defendant J. Barrows, Inc. ("Barrows") in the above referenced matter.  We respectfully request a pre-motion conference with the Court, in accordance with Your Honor's Individual Practices, to request that Harleysville be permitted to intervene for the limited purpose of proposing special jury interrogatories.  We understand that trial is scheduled to begin on September 19, 2011, and we therefore request this conference on short notice.

In their counter-claim, Joseph and Wendy Uvino (the "Uvinos") seek certain damages to their home due to alleged construction defects caused by Barrows and others. Harleysville issued a general liability policy to Barrows, and has defended Barrows against the counter-claim pursuant to a reservation of rights.  There are several coverage issues implicated by this claim.  The only coverage issue, however, that will depend on the determination of factual issues in this case is the extent to which there are any damages to property other than Barrows' work.  It is Harleysville's position that damages for repair or replacement of Barrows' work is not covered by the Harleysville policy.  See George A. Fuller Company v. United States Fidelity and Guaranty Co., 613 N.Y.S. 2d 152, 155-56 (1st Dep't 1994); Transportation Ins. Co. v. AARK Constr. Group, Ltd., 526 F. Supp. 2d 350, 356-57 (E.D.N.Y. 2007).  Whereas, to the extent a jury determines that Barrows caused damages to other property, such damages may be covered.

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Judge Leonard D. Wexler, U.S.D.J.
September 14, 2011
Page 2

Harleysville seeks permission to intervene in this matter pursuant to Fed. R. Civ. P. 24 for the sole purpose of requesting that the Court submit special interrogatories to the jury to allocate between those damages related to the repair and replacement of Barrows' allegedly faulty work versus damages to other property. This allocation is necessary to assist Barrows and Harleysville with understanding Barrows' uncovered exposure, and to avoid an entirely separate and redundant trial to allocate such damages. Harleysville does not seek to otherwise participate at trial, and will rely on the parties' presentation of the evidence concerning damages. Harleysville also does not seek any ruling from this Court with respect to any coverage issue.[1]

Harleysville satisfies the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), because Harleysville's coverage issue involves common factual issues with the claims and defenses raised by the parties and there is an independent basis for jurisdiction over its claims as Harleysville is a citizen of Pennsylvania and, as such, is diverse from that of all parties in this action. Further, and importantly, Harleysville's proposed intervention in this matter will not delay trial or prejudice the existing parties, because trial has not begun and Harleysville seeks only to submit special jury interrogatories at the end of trial and does not seek to otherwise participate. Harleysville's proposed intervention also promotes judicial economy and efficiency, because without the ability to intervene at trial to propound special interrogatories on the jury to allocate damages, no other party has any incentive to allocate such damages, and Harleysville will be forced to litigate the allocation of damages in a separate insurance coverage lawsuit. See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 877 (2d Cir. 1984) (noting that "in view of the economy of time and effort inherent in the use of interrogatories in this situation, it would likewise not have been an abuse of discretion had the trial judge permitted the insurer to intervene under Rule 24(b)(2) for the limited purpose of proposing interrogatories to the court for submission to the jury").

Accordingly, we respectfully request a pre-motion conference with the Court to request permission to file a motion to intervene on short notice.

Respectfully submitted,

Lance J. Kalik

cc: All Counsel of Record (Via ECF and Federal Express)

---

[1] Harleysville reserves the right to initiate a declaratory judgment action to resolve any coverage issues it has with Barrows.