DEFENDANT'S EXHIBIT A 7/29/10

RECEIVED NOV 9 2005

# Construction Management Agreement

This agreement is made on ~~September 19, 2005~~ November 1, 2005 between **Joe and Wendy Uvino**, hereinafter referred to as Owner, and **J. Barrows, Inc**, hereinafter referred to as Construction Manager, to provide Construction Management Services in the construction of **Uvino Residence** at **Swamp Rd, East Hampton, NY**.

### Article 1: Owner Responsibilities

1.1 The Owner is to act as the General Contractor and will enter into contracts individually with each trade contractor and material supplier. The Owner is responsible for disbursing funds to each individual supplier and trade contractor in accordance with the contract documents provided by the Construction Manager.

1.2 The Owner shall provide full information regarding the requirements of the Project to the Construction Manager.

1.3 The Owner, together in consultation with the Construction Manager, is to provide a Budget for the Project. If requested, the Owner is to provide to the Construction Manager a statement of funds available for the Project.

1.4 The Owner, or a designated representative, shall examine documents submitted by the Construction Manager and render decisions in a manner that avoids untimely delays in the completion of the Project.

1.5 The Owner is to disburse funds in accordance with project documents prepared by the Construction Manager.

### Article II: Construction Manager Responsibilities

2.1 Construction Manager is to provide Project Administration and Management Services in consultation with the Owner.

2.2 Construction Manager is to review the drawings and specifications as provided by the Owner and is to develop an initial budget, scope of work, and schedule in consultation with the Owner.

2.3 Construction Manager is to provide advice to the Owner in regards to the Budget, Scope of Work, and Schedule in order to achieve the Owner's objectives.

2.4 Construction Manager is to prepare individual material take-offs for the purpose of purchasing materials.

2.5 Construction Manager is to receive bids for materials and work and to prepare a comparative bid analysis for the Owner's review.

2.6 Construction Manager is to assist the Owner in awarding the bids and is to negotiate with trade contractors and material suppliers on the Owner's behalf.

2.7 Construction Manager is to maintain job cost records that show the budget, changes to the budget, current cost, and estimated cost to complete.

2.8 Construction Manager is to maintain a project schedule.

2.9 The Construction Manager is to assist the Owner in evaluating desired or required Changes to the Budget and Scope of Work.

2.10  The Construction Manager is to assist the Owner in preparing documentation and procuring permits, inspections, and approvals.
2.11  The Construction Manager is to prepare the Punch List for each trade before final payment is issued.
2.12  The Construction Manager is to secure all necessary licenses and insurance certificates from trade contractors.

**Article III: Costs**
3.1  The Construction Costs are defined as the costs of all material, labor, equipment, supervision, and rentals that are required to complete the construction of the Project. The cost of On-site Supervision is included in the Management Fee and is not part of the direct costs of construction.
3.2  The Construction Cost does not include professional fees from, but not limited to architects, lawyers, engineers, surveyors, or professional consultants. It does not include the cost of land, the cost of maintaining the property, right-of- way costs, or other costs that are the responsibility of the Owner. Any costs incurred from the above are to be invoiced at cost.
3.3  Budget preparations and evaluations by the Construction Manager represent the Construction Manager's best judgment based on his experience in the construction industry. The Construction Manager does not warrant that bids or negotiated prices will not vary from the proposed Project budget, or from any cost estimate or evaluation prepared by the Construction Manager.
3.4  No fixed limit of Construction Cost shall be established as a condition of this Agreement unless such limits are established and acknowledged in writing by the Owner and Construction Manager.
3.5  Reimbursable Costs are defined as costs incurred by the Construction Manager on behalf of the Owner. The costs are, but not limited to, Professional Fees, Permit and Inspection Fees, reproducibles and drawings, shipping and handling, etc. All reimbursable costs are to be invoiced at their cost.

**Article IV: Payments to the Construction Manager**
4.1  The basis for Construction Manager compensation is to be **Two Hundred Thousand, Seven Hundred Thirty five Dollars ($200,735.00).** This is a fixed fee based on the construction of the house, pool, patio and trellis, and pool house with an anticipated construction time of 13 months. The house construction is to be defined in the drawings submitted to the Town of East Hampton along with the associated finishes. Not included in this construction would be landscaping, finished driveway, tennis courts or finishes that would substantially add to the construction of the project. Any work or circumstances beyond the control of the Construction Manager that would extend the project beyond 14 months will result in an additional Management Fee of $14,300 per month and will be defined as such prior to commencement of that portion of the Project.
4.2  The Construction Manager is to provide a monthly statement of Construction Manager Costs and Fees in accordance with the Project progress.

4.3   Payments are expected within 10 days of invoicing. Payments overdue more than 30 days are subject to a 2% per month Delinquency Fee. In the event of the need for collection services, the Owner agrees to pay all costs arising from the need for collection including but not limited to filing fees, legal fees, and arbitration fees.

4.4   No deductions shall be made from the Construction Manager's compensation on account of penalty, liquidated damages or other sums withheld from payments to Contractors, or on account of the cost of Changes to the Project other than those for which the Construction Manager is legally liable.

## Article V: Termination of Agreement

5.1   This Agreement may be terminated within seven (7) days of written notice should either party fail to substantially perform in accordance with its responsibilities and through no fault of the party requesting termination.

5.2   This Agreement may be terminated by the Owner upon at least fourteen (14) days of written notice to the Construction Manager in the event that the Project is abandoned.

5.3   In the event of termination not the fault of the Construction Manager, the Construction Manager shall be compensated for all services performed to the termination date together with all Reimbursable Costs then due along with all expenses associated with the Termination.

## Article VI: Extent of Agreement

6.1   This Agreement represents the entire and integrated agreement between the Owner and the Construction Manager and supersedes all prior negotiations, representations or agreements, either written or oral. This Agreement may be amended only by written instrument signed by both the Owner and the Construction Manager.

6.2   Nothing contained in this Agreement shall be deemed to create any contractual relationship between the Construction Manager and the Architect, or any of the Trade Contractors or material suppliers; nor shall anything contained in this Agreement be deemed to give any third party claim or right of action against the Owner or the Construction Manager which does not otherwise exist without regard to this Agreement.

## Article VII: Other Conditions or Services

7.1   No contractor or service shall commence work without prior submission of a certificate of insurance stating General Liability and Workman's Compensation Insurance.

7.2   The Owner shall hold the Construction Manager harmless from any responsibility as a general contractor. It is understood that the Construction Manager is the agent for the Owner who is the General Contractor for the Project.

7.3   In the event that the Construction Manager is named as a party in any litigation, arbitration or other proceeding arising from the fulfillment of its obligations in

this Agreement through no fault of the Construction Manager, the Owner hereby agrees to indemnify, defend and hold harmless the Construction Manager and each of their principals, employees, agents, successors and assigns, from any and all claims, demands, liabilities, suits, causes of action, judgments, costs and expenses including attorney's fees arising or allegedly arising from personal injury, including death, property damage, including loss of use thereof, economic loss, contract action, or otherwise, due in any manner or matter arising from the Project.

**SIGNATURE OF THIS DOCUMENT CONSTITUTES ACCEPTANCE OF ALL ITS TERMS AND OBLIGATIONS.**

_____  
For J. Barrows, Inc.

11·1·05  
Date

_____  
Owner

11-4-05  
Date  
11/07/05