

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Lance J. Kalik**
Partner

<u>Direct:</u>
t: 973.451.8447
f: 973.451.8667
lkalik@riker.com
Reply to: Morristown

October 24, 2011

**VIA ECF & FEDERAL EXPRESS**
Hon. Leonard D. Wexler
United States Senior District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: <u>J. Barrows, Inc. v. Uvino, et. al.</u>; Civ. Act. No.: 09-cv-03905

Dear Judge Wexler:

We represent Harleysville Worcester Insurance Company ("Harleysville"), the insurance carrier for Plaintiff/Counter-Claim Defendant J. Barrows, Inc. ("Barrows") in the above referenced matter.

We received a copy of a letter to the Court dated October 18, 2011, from Jeremy Platek, Esq., which seeks permission to file a motion to disqualify Harleysville's assigned defense counsel, O'Connor Redd LLP ("O'Connor Redd"), as counsel for Barrows. Harleysville strongly disagrees with Mr. Platek's position that O'Connor Redd should be disqualified, or that Harleysville has a duty to appoint independent counsel. Nevertheless, Harleysville agrees that this issue should be decided by the Court through formal motion practice at this time.

While Harleysville will fully and formally respond if Mr. Platek is given permission to file a motion to disqualify, there are several salient points that the Court should be aware of.

First, by letter dated June 30, 2008, Harleysville advised Barrows that it was offering a defense of the Uvino Counterclaim under a reservation of rights. Harleysville assigned O'Connor Redd to defend Barrows, and O'Connor Redd defended Barrows in this matter from March 2009 until the present time. In fact, Jeremy Platek was the attorney at O'Connor Redd responsible for this matter until he left the O'Connor Redd firm in early 2011. For those two years, Mr. Platek reported directly to Harleysville with respect to this matter. During the three-plus years that Harleysville defended under a reservation of rights, Barrows never objected. Nor did Mr. Platek, while he was at O'Connor Redd,

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Judge Leonard D. Wexler, U.S.D.J.
October 24, 2011
Page 2

ever object. Now that Mr. Platek is personal counsel for Barrows, however, it appears that Mr. Platek and Barrows take issue with O'Connor Redd as assigned defense counsel, three years after the fact.

To be sure, Barrows has no contractual right to select counsel. And, as Harleysville has already explained to Mr. Platek, this is not the type of case that warrants independent counsel. Independent counsel may be appropriate in situations where negligence and intentional conduct is simultaneously alleged against the insured. In those circumstances, the insured and insurer have divergent interests with respect to the theory of liability imposed on the insured, as the insured would want liability imposed under the negligence theory (which is covered), while the insurer would want liability imposed under the intentional theory (which is uncovered). Thus, in those cases, "the question of insurance coverage is intertwined with the question of the insured's liability" Public Serv. Mut. Ins. Co. v. Goldfarb, 53 N.Y.2d 392, 401 n.*, (1981). Indeed, as explained by the New York Court of Appeals, "[i]ndependent counsel is only necessary in cases where the defense attorney's duty to the insured would require that he defeat liability on any ground and his duty to the insurer would require that he defeat liability only upon grounds which would render the insurer liable". Id.

Here, Barrows' liability is not intertwined with coverage. Instead, the question of coverage depends only on the type of damages, if any, that are awarded. The Harleysville policy does not provide coverage for damages to Barrow's work or product or damages required to fix or repair Barrow's work or product, but does provide coverage for damages that Barrows' work caused other property. The Court has already granted Harleysville permission to file a motion to intervene in this action to seek special interrogatories to allocate any damages if any are ultimately awarded by the jury. Harleysville has assigned this firm to file such a motion, which it will do shortly, and Barrows, if it so chooses, should obtain counsel to object to such intervention.[1] The O'Connor Redd firm will have no role in the intervention motion, the allocation of damages, or the coverage questions.

Instead, just as it has always done (even while Mr. Platek was at the firm), O'Connor Redd will continue to defend Barrows against all theories of liability. Harleysville fully expects O'Connor Redd will continue to exercise its ethical duty to its client, Barrows, and defeat liability on *all* grounds. See New York Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 125 (2d Cir. 2010)(no conflict requiring independent counsel where both carrier and insured shared similar interest in defeating liability).

---

[1] Presumably, Mr. Platek will not represent Barrows adverse to Harleysville, given Mr. Platek's role as Harleysville's prior assigned defense counsel in this matter, and his representation of Harleysville in similar insurance coverage disputes in the recent past.

Judge Leonard D. Wexler, U.S.D.J.
October 24, 2011
Page 3

Thus, Harleysville does not believe that O'Connor Redd should be disqualified, nor does it believe that independent counsel is warranted, particularly at this late date. Nevertheless, Harleysville believes that the Court should decide the issues raised by Mr. Platek at this juncture, so that the issue of Barrows' counsel is resolved prior to trial.

Respectfully submitted,

Lance J. Kalik

cc: All Counsel of Record (Via ECF and Federal Express)