**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| J. BARROWS, INC. | Case No. 09-CV-3905(LDW)(ETB) |
| Plaintiff, | |
| vs. | |
| JOSEPH UVINO, WENDY UVINO, <u>et al</u>. | **ECF CASE** |
| Defendants, | |
| JOHN BARROWS, <u>et al</u>. | |
| Additional Defendants On the Counterclaims, | |
| JOSEPH UVINO, WENDY UVINO, <u>et al</u>. | |
| Third-Party Plaintiffs, | |
| vs. | |
| JOHN BARROWS, <u>et al</u>., | |
| Third-Party Defendant. | |

---

# J. BARROWS, INC. AND JOHN BARROWS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISQUALIFY O'CONNOR REDD

## TABLE OF CONTENTS

I.   The Reservation of Rights on Which Harleysville Relies Created an
     Actual Conflict .................................................................................................. 2

II.  JBI's Decision to Seek Disqualification Is The Issue, Not The Attorneys'
     Desires or Knowledge ........................................................................................ 4

III. It Is Harleysville's Eve of Trial Tactics that Have Caused this Situation ....................... 5

IV.  O'Connor's Action Shows Its Conflicted Loyalty .............................................. 7

V.   JBI is Entitled to Have Its Choice of Independent Counsel Paid for
     By Harleysville .................................................................................................. 8

i

# TABLE OF AUTHORITIES

**Cases**

Cuniff v. Westfield, Inc., 829 F. Supp. 55 (E.D.N.Y 1993) ...................................................... 4, 8

Evans v. Artek Systems Corp., 715 F.2d 788 (2nd Cir. 1983)...................................................... 5

Filippi v. Elmont Union Free School Dist. Bd. of Educ.,
    722 F.Supp.2d 295 (E.D.N.Y. 2010)...................................................................................... 5

First Jeffersonian Assoc. v Insurance Co. of N. Am.,
    262 A.D.2d 133, N.Y.S.2d 506 (1st Dep't 1999)................................................................ 10

Glueck v. Jonathan Logan, Inc., 653 F.2d 746 (2nd Cir. 1981)..................................................... 7

Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,
    409 F.3d 127 (2nd Cir. 2005). ................................................................................................ 2

Klein v. Salama, 545 F.Supp. 175 (E.D.N.Y. 1982)............................................................... 8, 9

Metrano v. Morris J. Eisen, P.C., 1991 WL 90809 (S.D.N.Y 1991) ........................................... 5

Prashker v. United States Guarantee Co., 1 N.Y.2d 584, N.Y.S.2d 910 (1956)............................ 3

Prudential Prop. & Cas. Ins. Co. v Godfrey, 169 A.D.2d 1035,
    N.Y.S.2d 315 (3rd Dep't 1991) ............................................................................................. 4

Public Service Mut. Ins. Co. v Goldfarb, 53 N.Y.2d 392,
    442 N.Y.S.2d 422 (1981), ............................................................................................... 3, 10

Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,
    725 F.2d 871 (2nd Cir. 1984) ................................................................................................. 6

Stewart v. General Motors Corp., 756 F.2d 1285 (7th Cir.1985) ................................................. 7

Thomas v. Henderson, 279 F.Supp.2d 1311 (S.D. Ala. 2003) ..................................................... 6

U.S. Underwriters Ins. Co. v. TNP Trucking, Inc.,
    44 F.Supp.2d 489 (E.D.N.Y. 1999).................................................................................... 9

Ensuring a fair and just adjudication of controversies is of paramount concern to the Courts. That cannot occur if litigants are represented by attorneys laboring under a conflict of interest. Despite the heavy burden mistrials place on both the Court and litigants, this Court found that concern to be overriding and ordered a mistrial in this case to secure the rights of JL Masonry and Valdespino. JBI's right to a fair and just adjudication of its controversy and representation by an un-conflicted counsel of its choosing is no less important.

Harleysville, which created, then exacerbated, the conflict, shows no such concern. It advances its own interests and screams of "tactical advantage" while it engages in strategic gamesmanship – moving to intervene on the eve of trial when it was aware of its rights months if not years prior to the trial date; seeking the Court's jurisdiction when it suits its own purposes but arguing against it when it does not.

O'Connor Redd, Harleysville's panel law firm, also shows no concern for JBI's rights. It seeks to place its desires above that of its purported client. To make matters worse, it breached its obligations to JBI by failing to consult with it prior to making proposals that benefit Harleysville and run counter to JBI's wishes and best interests.

The opposition to this motion is based on fiction. In order to circumvent the clear case-law that compels a finding that O'Connor is conflicted, Harleysville misrepresents its coverage position and states that liability is not intertwined with O'Connor's representation. It is simply untrue. O'Connor is tasked with defending claims of negligence, breach of contract, intentional misrepresentation, fraud and breach of fiduciary duty. Harleysville has reserved its rights on every one of those claims but negligence. Case law clearly establishes that a conflict exists, as a matter of law, based on that reservation of rights, and JBI is entitled to its choice of counsel.

When the fictional account is discarded, the other arguments fall to the wayside. Because a conflict exists as a matter of law, no actual detrimental conduct (which in fact does exist here) need be shown to support O'Connor's disqualification. Because that conflict exists, it

1

cannot be waived by a lawyer -- it can only be waived by JBI's knowing and written waiver. Because it exists, JBI is entitled to counsel of its choosing at Harleysville's expense.

JBI is confident, given this Court's prior showing of concern for the grave implications posed by an attorney's conflict of interest, that this Court will utilize its "inherent power to preserve the integrity of the adversary process" and rule in favor of JBI's request to be represented by its counsel of choice that does not labor under O'Connor's divided loyalty. *See* Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2nd Cir. 2005).

### I. The Reservation of Rights on Which Harleysville Relies Created an Actual Conflict

Harleysville argues that no "demonstrable conflict of interest" exists because "insurance coverage is not intertwined with the question of [JBI's] liability." (Harleysville Memorandum at 9-10) Harleysville next argues that "the insurance coverage question at issue simply involves an allocation between, on the one hand, damages to repair and replace Barrow's work and damages associated with breach of the alleged construction management agreement, and on the other hand, damages that Barrows caused to property that was not its work or product." (Harleysville Memorandum at 10). Harleysville even now argues that "[t]here are no 'alternate' theories of liability." (Harleysville Memorandum at 2) Harleysville concludes that no conflict exists because only damages, and not liability, are intertwined with coverage issues.

Harleysville's fictional argument is belied by the facts. The truth here is that coverage issues are thoroughly intertwined with both liability and damages. While Harleysville has reserved its rights to disclaim against JBI with regard to damages (to the extent they arise from the need to replace JBI's own work), the coverage issues here are not limited to damages. Harleysville's Reservation of Rights letter (Exhibit "C" to its opposition) states that

> The amended complaint contains many additional allegations against you, including negligent supervision of sub-contractors, negligent work leading to property damage, intentional misrepresentations, breach of contract, breach of fiduciary duty and fraud. We must advise you that the breach of contract and fiduciary duty, misrepresentation and fraud

allegations are not covered . . . .  Additionally, intentional acts are specifically excluded.

The seminal New York Court of Appeals cases dealing with the issue clearly show that because Harleysville has reserved its rights on liability claims, JBI is entitled to select its own un-conflicted counsel at Harleysville's expense.  In <u>Prashker v United States Guarantee Co.</u>, 1 N.Y.2d 584, 154 N.Y.S.2d 910 (1956) the Court found that because the complaint in an underlying action alleged some grounds which were covered and others which were not, the carrier owed its insured a defense.  As a result, the Court ruled that "selection of the attorneys to represent the assureds should be made by them rather than by the insurance company, which should remain liable for the payment of the reasonable value of the services of whatever attorneys the assureds select."  <u>Id</u>. at 593.  Likewise, in <u>Public Service Mut. Ins. Co. v Goldfarb</u>, 53 N.Y.2d 392, 442 N.Y.S.2d 422 (1981), the Court held that "inasmuch as the insurer's interest in defending the lawsuit is in conflict with the defendant's interest--the insurer being liable only upon some of the grounds for recovery asserted and not upon others--defendant Goldfarb is entitled to defense by an attorney of his own choosing, whose reasonable fee is to be paid by the insurer."  <u>Id</u>. at 398.[1]

Neither of these two Court of Appeals cases premised the insured's right to select its own counsel on anything other than the conflict created in panel counsel because of the need to defend both covered and non-covered claims.  There was no required showing of a deceptive business practice, actual disloyal conduct nor was the right premised on the fact that there had been an initial disclaimer by the carrier.  Harleysville's effort to superimpose these requirements is unsupported by the New York Court of Appeal's cases on the issue.

Harleysville's representation that it has "every incentive to defeat liability on all grounds" (Harleysville Memorandum at 10) is untrue.  If the jury were to render a verdict against JBI

---

[1] While <u>Goldfarb</u> recognizes that not all reservations of rights trigger a conflict – such as where all claims of liability are covered but not all damages are covered – here, the fact that both liability and damages implicate coverage issues does not obviate the conflict but rather further intertwines O'Connor's role here with those coverage issues and only heightens its conflict.

based on any of the grounds on which Harleysville has reserved (i.e., fraud, breach of contract) and not negligence, that would inure to Harleysville's benefit and work to JBI's detriment.

Harleysville's reliance on <u>Prudential Prop. & Cas. Ins. Co. v Godfrey</u>, 169 A.D.2d 1035, 565 N.Y.S.2d 315 (3rd Dep't 1991) is particularly egregious. In that case, the Court's holding that no conflict existed was based on its determination that the carrier had the duty to indemnify the insured on all asserted claims. If Harleysville will agree to indemnify JBI on all claims asserted against it, the conflict will be moot and JBI will withdraw this motion.

## II.   JBI's Decision to Seek Disqualification Is The Issue, Not The Attorneys' Desires or Knowledge

Mr. Redd's professed desire to defend JBI zealously is beside the point. It is JBI's desire that controls. It is not for an attorney to decide whether his/her conflict should be waived. That is the client's determination.

While Mr. Redd believes that the fact that Harleysville is paying his legal fees is "immaterial" to his conflict of interest, the Courts feel otherwise. When an insurance carrier has reserved its rights to disclaim coverage, as Harleysville has done here, "[t]hat the loyalty of the insurer's attorney would consequently be divided can hardly be questioned." <u>Cuniff v. Westfield, Inc.</u>, 829 F. Supp. 55, 57 (E.D.N.Y 1993).

O'Connor's argument that it has zealously defended JBI on all claims of liability, both covered and non-covered, was specifically rejected in <u>Cuniff</u>. As stated therein, "[the insurer's] argument that, since an attorney retained to represent the insured must defend the insured as to each and every aspect of the lawsuit, does not address the question of a conflict of interest." <u>Cuniff</u> at 57. Based on the same conflict as the one presented here, Judge Hurley stated "it is clear that the presence of a conflict of interest based on divided loyalties **necessitates** independent counsel." <u>Id</u>. (citations omitted; emphasis supplied).

My prior affiliation with O'Connor is also not the issue here. O'Connor's conflict cannot be waived by JBI based on my knowledge. Rule 1.7 (4) of the Rules of Professional Conduct

provides that conflicts of interest may not be waived by a client absent "informed consent, confirmed in writing." *See also* Filippi v. Elmont Union Free School Dist. Bd. of Educ., 722 F.Supp.2d 295 (E.D.N.Y. 2010). JBI has never knowingly waived O'Connor's conflict.

That O'Connor has no ability to alter the facts as concerns liability misses the point. O'Connor can no more alter the facts of the case than JL Masonry's prior attorneys could have altered the facts. The divided loyalty that O'Connor has, based on Harleysville's coverage position, cannot be resolved by O'Connor's promises, desires or conduct – it is not O'Connor's conflict to waive. JBI is not willing to do so.

### III. It Is Harleysville's Eve of Trial Tactics that Have Caused this Situation

Harleysville alleges that JBI seeks to have independent counsel in order to gain tactical advantage. However, while Courts are wary of parties' seeking disqualification for nefarious reasons, all the cases on which Harlesyville relies, save one, involved other parties seeking to disqualify a different parties' counsel. In that scenario, one easily envisions how "tactical considerations" would be a concern.

Here JBI seeks to have its own counsel disqualified. A high burden is imposed on disqualification because, as stated by the Second Circuit, "we must be solicitous of a client's right freely to choose his counsel." Evans v. Artek Systems Corp., 715 F.2d 788 (2nd Cir. 1983). Harleysville has turned the Court's concerns regarding adversarial tactics on its head in an effort to countermand JBI's right to freely choose its counsel.

The one and only case cited in opposition that does not involve disqualification of an adversary's counsel, Metrano v. Morris J. Eisen, P.C., 1991 WL 90809 (S.D.N.Y 1991), is inapposite. In Metrano, the Court's concern was that, in granting the request, it would abuse its discretion because the request was a tactic being used to delay the trial and prejudice plaintiff. Here, the requested substitution will not delay the trial. Considerations regarding delay are what kept Mr. Barrows from requesting disqualification earlier. (Barrows Affidavit at para. 6)

5

Metrano is also distinguishable because Harleysville's eve of trial actions were not limited to a reservation of rights letter, as in that case. Here, Harleysville also moved to intervene. Intervention has been acknowledged to "exacerbate" existing conflicts. See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 877 (2nd Cir. 1984) (intervention "may well exacerbate a potential conflict of interest for" panel counsel); Thomas v. Henderson, 279 F.Supp.2d 1311, 1326 (S.D. Ala. 2003) ("The Court recognizes that there may be a slight possibility of prejudice or delay if Old Republic is permitted to intervene, given the potential that a conflict might emerge between insurer and insured, that the insured's counsel may be placed in an untenable position, or that these proceedings may otherwise be disrupted.") It is Harleysville's effort to intervene on the eve of trial, when it could, and should, have sought to intervene months, if not years, ago, that raises the question of nefarious tactics.

Metrano is further distinguishable because, in that case, the insured sought its own counsel merely because it felt they would do a better job. The Court explicitly found that the request was not made due to a potential conflict. Here, however, JBI's concerns are based on O'Connor's divided loyalty, evidenced by its actions at the time intervention was discussed prior to the mistrial. (Barrows Affidavit at paras. 7-8) Those concerns are now only more intensified by O'Connor's recent violations of its ethical duties (discussed more fully below).

Harleysville's "surmise" that JBI's motion was raised to obtain "outside funding for its legal fees in conjunction with its affirmative claims" is just that, surmise. It is unsupported and belied by Mr. Barrows' sworn statement that he is not concerned with the additional costs associated with trying the damages issues in a declaratory action. JBI would not, and could not, seek recompense for legal fees expended on its affirmative claim. This motion seeks a declaration regarding costs related solely to the defense of the counterclaim.[2]

---

[2] As an aside, given that O'Connor has now transferred the case to Mr. Redd for trial, Harleysville cannot legitimately argue that O'Connor's disqualification would add additional expense – I am much more familiar with the defense issues then Mr. Redd, whose involvement has been limited to this and the intervention motions.

### IV.    O'Connor's Action Shows Its Conflicted Loyalty

As discussed above, it is unnecessary, as Harleysville argues, to show that O'Connor has actually failed to commit its undivided loyalty to JBI, as Harleysville's coverage position creates the conflict.   However, here O'Connor has actually breached its ethical violations, necessitating their disqualification.

Mr. Redd, in his "opposition" to Harleysville's intervention, suggests as an alternative that "special interrogatories be submitted on a separate sheet only after the Jury has already apportioned liability."  He goes on to state that this would be "in JBI's interests because it would avoid any legal bills, time and effort associated with the subsequent trial."

Mr. Redd's suggestion runs counter to the desires of JBI, the client he purports to represent, because it fails to address the potential for jury confusion that the submission of these questions may sow.  John Barrows, President of JBI, was not consulted and disagrees with Mr. Redd's decision to make this alternate proposal – a proposal that benefits Harleysville. (Barrows Affidavit at paras. 9-15)  Mr. Redd has breached his ethical duties.

Rule 1.4 of New York State Code of Professional Conduct states, in part:

> A lawyer shall . . . reasonably consult with the client about the means
> by which the client's objectives are to be accomplished; [and] . . .
> Keep the client reasonably informed about the status of the matter.

Mr. Redd did neither prior to making his submission.  Mr. Redd's decision to do so "has irreparably damaged any relationship [JBI] had with his firm."  (Barrows Affidavit at para. 15) Judge Keenan in Metrano, cites Stewart v. General Motors Corp., 756 F.2d 1285, 1293 (7th Cir.1985) for the proposition that disqualification should be denied "unless there existed a demonstrable conflict of interest or a total lack of communication between the attorney and the client."

Harleysyville is correct that disqualification is warranted when an attorney's involvement in a matter "poses a significant risk of trial taint."  Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2nd Cir. 1981).  O'Connor's continued representation of JBI after it has taken a position on

Harleysville's intervention which benefits Harleysville and runs counter to JBI's interest, without the consent of its client, will taint the trial of this matter and requires O'Connor's disqualification.

### V.   JBI is Entitled to Have Its Choice of Independent Counsel Paid for By Harleysville

Harleysville argues that it will not pay the reasonable fees of Dreifuss Bonacci & Parker LLP because of my "animus" and that this Court cannot compel it to do so.

Harleysville's allegation of "animus" is baseless.   As Harleysville argues, conclusory assertions made by attorneys are not evidence.  Even if there was a factual showing of animus, Harleysville's desire should not be allowed to "disrupt" JBI's relationship with its attorney of choice. *See* Cuniff, *supra* at 58 (citations omitted).  There are simply no cases where an insurer gained the right to veto its insured's choice of counsel absent an explicit contractual right to consent to that choice.  That right is absent from the insurance policy issued to JBI.

Harleysville's half-hearted argument concerning the Court's lack of jurisdiction over it here is dubious.  Apparently, Harleysville believes that it can use jurisdiction as both a sword ("Please, Court, allow me to intervene") and shield ("O' Court, you cannot compel me because I am not a party").  The selective use of this Court's jurisdiction should not be countenanced.

Further, Harleysville voluntarily subjected itself to this Court's determination on the issue. In response to JBI's request for leave to move on this very issue (a letter request which sought both disqualification and an Order directing Harleysville to pay for JBI's defense by its counsel of choice) Mr. Kalik, in his October 24, 2011 correspondence to the Court, states that "Harleysville agrees that this issue should be decided by the Court through formal motion practice at this time."  Harleysville's acquiescence cannot now be withdrawn so cavalierly.

Finally, there is clear precedent for the remedy sought here.  In Klein v. Salama, 545 F.Supp. 175 (E.D.N.Y. 1982), defense counsel, the insurer's house counsel, moved to withdraw from a personal injury litigation based on the very conflict presented here – that there were both insured and uninsured liability allegations.  The Court, in granting the withdrawal, also stated

8

> This conflict does not, however, relieve [the insurer] from its contractual
> obligation to provide a defense to [its insured]. New York courts have
> consistently held that the interests of the insured and insurer are best
> accommodated by permitting the insured to choose his own counsel and
> by requiring the insurer to pay the reasonable fees of that counsel.
> Accordingly, [the insurer] is relieved from providing representation to the
> defendant and is ordered to reimburse him for reasonable expenses,
> including reasonable attorney's fees in the defense of this action. (Id. at
> 179; citations omitted).

The ability of the Court to order the reimbursement requirement imposed in Klein, where

the insurer was not a party, is even more appropriate here where Harleysville has sought to

intervene in the action.  Having done so, it has clearly made itself a subject of this Court's

authority.  Thus, to the extent this Court rules in JBI's favor, it has the ability that Harleysville

argues this Court is deprived of, to fashion the remedy requested.

Harleysville's reliance on the case of U.S. Underwriters Ins. Co. v. TNP Trucking, Inc.,

44 F.Supp.2d 489 (E.D.N.Y. 1999) for the proposition that it cannot be compelled to pay for

independent counsel is unavailing.  While Judge Trager in that case denied the insured's motion

seeking to force the substitution of the insured's counsel with independent counsel at the

insurer's expense, Judge Trager did so "with leave to renew upon a more adequate showing of

a potential or actual conflict of interests by its present attorneys in the underlying tort action." Id.

at 493.  Here, Harleysville's exacerbation of the conflict and O'Connor's breach of its ethical

obligations is an adequate showing of actual conflict.

While Harleysville correctly cites U.S. Underwriters, supra, for the "general rule" that an

insurer has the right to control the litigation, its argument is belied by the next (uncited) sentence

where Judge Trager states "[h]owever, where there has been a disclaimer, the general rule

does not apply." Id. at 492.  Harleysville's reservation of rights abrogates the general rule and

JBI's choice of counsel needs to be paid for by Harleysville.

Harleysville's discussion at page 18 of its memorandum of a carrier's duty to advise its

insured of its right to independent counsel is curious but irrelevant.  Harleysville's failure to

advise JBI of its right to independent counsel in the reservation letters is not the basis for the

remedy JBI seeks. The New York Court of Appeals is clear that where an insurance carrier has

created the conflict that Harleysville has created here, the carrier is obligated to "pay a

reasonable fee for separate counsel." Goldfarb, supra at 402.  No separate basis, such as

deceptive business practices, is required to trigger that obligation. *See also* First Jeffersonian

Assoc. v Insurance Co. of N. Am., 262 A.D.2d 133, 691 N.Y.S.2d 506 (1st Dep't 1999)

("inasmuch as defendant's subsequent offer to defend was conditioned on a reservation of

rights with respect to its obligation to indemnify, plaintiff was at all times entitled to counsel of its

own choosing, and to reimbursement of the reasonable cost thereof.")[3]

    Because Harleysville has reserved its rights on both liability claims and damages issues,

O'Connor, its panel counsel, is conflicted.  Because that conflict exists, JBI is entitled to

independent counsel of its choosing, at Harleysville's expense.  To deprive it of that right would

risk a fair adjudication of its defense of the counterclaim.  JBI is certain that this Court will take

all steps to preserve that vital interest.

Dated:     White Plains, New York
           November 30, 2011

                                    Respectfully submitted,
                                    **DREIFUSS BONACCI & PARKER, LLP**
                                    _____/s/_____
                                    By:     Jeremy D. Platek (JDP 9153)
                                    Attorneys for Plaintiff J. BARROWS,
                                    INC. and Defendant JOHN BARROWS
                                    520 White Plains Road
                                    Suite 500
                                    Tarrytown, New York 10591
                                    Ph:     (914)366-7337

---

[3] Whether Harleysville has engaged in deceptive practices by failing to apprise JBI of its right to independent counsel in both of its reservation letters need not be determined by this Court.