**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| J. BARROWS, INC. | Case No. 09-CV-3905(LDW)(ETB) |
| Plaintiff, | |
| vs. | |
| JOSEPH UVINO, WENDY UVINO, WOOD & COLORS, INC. and POOLS BY PAUL GUILLO, INC. | ECF CASE |
| Defendants, | |
| JOHN BARROWS, VALDESPINO CUSTOM BUILDERS, INC., J.L. MASONRY & CONSTRUCTION, INC., F. SCHNEIDER CONTRACTING CORP., and HAMPTON CONTRACTING, INC. | |
| Additional Defendants On the Counterclaims, | |
| JOSEPH UVINO, WENDY UVINO, WOOD & COLORS, INC. and POOLS BY PAUL GUILLO, INC. | |
| Third-Party Plaintiffs, | |
| vs. | |
| JOHN BARROWS, VALDESPINO CUSTOM BUILDERS, INC., J.L. MASONRY & CONSTRUCTION, INC., F. SCHNEIDER CONTRACTING CORP. and HAMPTON CONTRACTING, INC., | |
| Third-Party Defendant. | |

## J. BARROWS, INC.'S AND JOHN BARROWS' FIRST AMENDED PROPOSED JURY CHARGES

Plaintiff/Counterclaim Defendant, J. Barrows, Inc. ("JBI") and Counterclaim Defendant, John Barrows, hereby respectfully submit their following First Amended Proposed Jury Instructions for the trial in the above-captioned matter. JBI and Mr. Barrows reserve the right to modify, add, delete, and/or amend any of the proposed jury instructions, depending on developments at trial.

## **Breach of Contract**

J. Barrows, Inc. ("JBI") seeks to recover damages for breach of contract against the Defendants Joseph Uvino and Wendy Uvino. JBI seeks damages from the Uvinos' with respect to the contract for construction management services that JBI entered into with the Uvinos. JBI also seeks separate damages from the Uvinos with regard to the separate trade contract that JBI entered into with the Uvinos. The Uvinos have asserted counterclaims against JBI, Valdespino Custom Builders, F. Schneider Contracting, Hampton Contracting, and Kaehler Moore Architects, alleging that those parties breached their respective contracts with the Uvinos.

A party asserting breach of contract must be able to prove by a preponderance of the evidence the following: (1) formation of a contract between the claimant and the other party, (2) performance by the claimant, (3) the other party's failure to perform, or "breach" of the contract, (4) damage resulting from that breach.

In order to prove a breach of contract cause of action, the claimant must establish the provisions of the contract upon which their claim is based. If the contracting parties did not <u>both</u> agree that a particular promise, or provision, was part of the contract, then that promise is not part of the contract. This is referred to as "mutual assent."

Mutual assent is often referred to as "a meeting of the minds" of the parties on all essential contract terms that the claimant seeks to enforce. The claimant must prove that both parties agreed to the contract terms that the claimant seeks to enforce. If a contract term or promise was not agreed to by both contracting parties, a claimant cannot recover for the other party's failure to perform that term or promise.

Authority: NY PJI 4:1 (modified).

## **Mitigation of Damages**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured party the duty to take advantage of reasonable opportunities it may have to prevent the aggravation of its damages, so as to reduce or minimize the loss or damage. Damages are not recoverable for losses that the injured party could have avoided through reasonable efforts.

If you find the counterclaim defendants are liable and that the Uvinos have suffered damages, the Uvinos may not recover for any item of damage they could have avoided through such reasonable efforts. If the Uvinos failed to take advantage of an opportunity to lessen their damages, you should deny recovery for those damages which the Uvinos would have avoided had they taken advantage of the opportunity.

The question whether the Uvinos acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.

Authorities: NY PJI 4:20; Restatement (Second) of Contracts § 350 (modified).

### **Contract Damages Must Flow From Breach and Must Not Be Speculative**

Money damages awarded for a breach of contract claim are intended to place a party in the same position they would have been in if the contract had not been breached by the other party. However, the damages must not be speculative, potential, or imaginary. The damages awarded must be directly traceable to the contractual breach proven by the claimant, and must not be remote from the breach or caused by other factors.

While you may draw reasonable inferences from the evidence presented to you as to the amount of money damages, there must be a definite and logical connection between the evidence submitted to you and the damages which the claimant asks you to award.

A claimant seeking to recover damages for breach of contract has the burden of producing facts and figures which the jury can use in calculating the damage award. The claimant bears a burden of proving its damages with reasonable certainty. If a claimant merely states that he or she estimates their expenses to be a specified amount, that is not competent evidence of the claimant's damages.

A party cannot recover damages for breach of contract in excess of the amount that you find the evidence to establish with reasonable certainty.

Authorities: N.Y. Jur. 2d § 198; Restatement (Second) of Contracts, § 352; Wenger v. Alidad, 265 A.D.2d 322 (2nd Dep't 1999); Berley Indus., Inc. v. City of New York, 45 N.Y.2d 683 (1978).

**Adverse Inference regarding Missing Documents**

J. Barrows, Inc. ("JBI") and Mr. Barrows assert that the Uvinos have failed to produce in court the following documents relevant to the Uvinos' claim for money damages associated with the construction of the Swamp Road property:

1.) The Condon Engineering Report, which Don Moore testified in deposition that he looked at approximately one year before his deposition; and

2.) The 1 page cost estimate of repairs that Don Moore testified he gave to Joseph Uvino "when he was winding down and about 90 percent done."

JBI and Mr. Barrows assert that you should consider the Uvinos' failure to submit these documents into evidence, given that these documents would constitute (respectively) a licensed engineer's evaluation of the construction work performed at the Swamp Road property, and Mr. Moore's estimate for repair costs at the Swamp Road property.

JBI and Mr. Barrows also assert that the Uvinos have failed to offer a reasonable explanation for not producing these documents at trial.

In response, the Uvinos assert that these documents were not produced because _____.

If you believe that the Condon Engineering Report and/or Don Moore's one page cost estimate exist, and if you also believe that the Uvinos have not offered a reasonable explanation for not producing these documents, you must decide what weight those documents would have had in your deliberations, if any. If you find that the Condon Engineering Report and/or Don Moore's one page repair cost estimate would have been important or significant in your deliberations, you may, but you are not required to, conclude that if it had been produced it would not have supported the Uvinos' position on the question of the extent of the cost of the

5

remediation and/or completion costs at the Swamp Road property. Additionally, you may, but are not required to, draw the strongest inference against the Uvinos on that question that the opposing evidence permits.

Authority: NY PJI 1:77 (Modified).

## When Contractor Performs Work According to Plans and Specifications

When the owners of a construction project issue their architect's plans and specifications to a contractor, the owners give an implied warranty to the contractor that the plans and specifications are adequate to produce the result the owners desire.

This warranty by the owners applies not only to the original plans and specifications, but also to any amendments or change orders to the contract which are agreed to by the owners. The owners' warranty also extends to any directions given to the contractor or construction manager during the progress of the work, by the owners, their architects, or other representatives.

The owners are also responsible to the contractor for failing or refusing to issue directions to the contractor that should have been issued during the progress of the work.

These responsibilities of the owners -for the project's plans, specifications, change orders, and directives- cannot be shifted to the contractor by general clauses requiring the contractor to examine the site or the contract requirements.

The contractor cannot be held responsible for construction defects resulting from inadequacies in the plans, specifications, change-orders, or directives issued by, or that should have been issued by, the owners, their architects, or other representatives.

The contractor cannot be held responsible for defects resulting from work performed by other independent contractors retained by the owners.

Authorities**:** U.S. v. Spearin, 248 US 132 (1918); Degnon Contracting v. City, 235 NY 481 (1923); MacKnight Flintic Stone v. Mayor, 160 NY 72 (1899); Marlen Floor v. Crane-Hogan, 176 A.D.2d 1221 (4th Dept. 1991); Mohawk Inc. v. Zangrilli, 161 A.D.2d 1169 (4th Dept. 1990); Chas Meads & Co. v. City, 191 App. Div. 365 (2d Dept. 1920); Sisters of Divine Companion v. Jn. J. McMahon, Inc. 243 App. Div. 719 (2d Dept. 1935); Syracuse v. American Underground Eng., 2009 WL 103710 (NDNY Jan. 14, 2009).

**Contractor's Right to Payment for Work Performed According to Plans/Specifications**

A contractor or construction manager who does its work in accordance with the plans and specifications is entitled to be paid, in full, regardless of defects in the finished work.

A contractor or construction manager who incurs extra costs in performing work under inadequate plans and specifications is entitled to be paid extra compensation.

As long as the contractor or construction manager performs its work in compliance with the specifications, the contractor is free to choose his own constructions means, methods and equipment.

Authorities**:**  U.S. v. Spearin, 248 US 132 (1918); Degnon Contracting v. City, 235 NY 481 (1923); MacKnight Flintic Stone v. Mayor, 160 NY 72 (1899); Marlen Floor v. Crane-Hogan, 176 A.D.2d 1221 (4th Dept. 1991); Mohawk Inc. V. Zangrilli, 161 A.D.2d 1169 (4th Dept. 1990); Chas Meads & Co. v. City, 191 App. Div. 365 (2d Dept. 1920); Sisters of Divine Companion v. Jn. J. McMahon, Inc., 243 App. Div. 719 (2d Dept. 1935); Syracuse v. American Underground Eng., 2009 WL 103710 (NDNY Jan. 14, 2009).

## **Economic Waste**

In this case, the Uvinos claim damages based on what they allegedly paid to perform repairs and re-construction at the Swamp Road project.

The owner of a construction project, however, is not entitled to the cost of claimed repairs which are out of proportion to the problems in the construction work, or repairs which are economically wasteful. An owner is likewise not entitled to recover damages for the cost of repairs which it has never done, and may never do.

**Authority:** Elmohar Co. v. People's Surety, 217 NY 289 (1916)

Plaintiff/Counterclaim Defendant, J. Barrows, Inc. and Counterclaim Defendant, John Barrows, reserve their respective rights to submit additional proposed jury instructions based upon the evidence admitted during the trial of this action.

Dated: Tarrytown, New York
       March 10, 2012

                                      Respectfully submitted,

                                      DREIFUSS BONACCI & PARKER, LLP
                                      *Counsel for J. Barrows, Inc. and John Barrows*

                                      _____/s/ Jeremy Platek_____
                                      Jeremy D. Platek

                                      520 White Plains Road, Suite 500
                                      Tarrytown, New York 10591
                                        -and-
                                      26 Columbia Turnpike, North Entrance
                                      Florham Park, New Jersey 07932
                                      Tel. No. (914) 366-7337