UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
J. BARROWS, INC.,                                : Docket No.:   09-03905
                                                 :
                                                 : (LDW)(ETB)
                           Plaintiff,            :
                                                 :
            -against-                            :
                                                 :
JOSEPH UVINO, et al.                             :
                           Defendants,           :
            -and-                                :
                                                 :
JOHN BARROWS, et al.                             :
                                                 :
       Additional Defendants on the Counterclaims. :
---------------------------------------------------------------------X
(See Accompanying Declaration of William F. Dahill for Full Caption)

---

### JOSEPH UVINO AND WENDY UVINO'S
### MEMORANDUM OF LAW IN OPPOSITION TO J. BARROWS INC.'S MOTION FOR AWARD OF COSTS AND FEES AND FOR COLLATERAL SOURCE HEARING

---

Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, 12th Floor
New York, New York 10110

*Attorneys for Joseph and Wendy Uvino*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    A.    JBI Is Not Entitled to Legal Fees ................................................................................. 2

        1.    The Bankruptcy Court Has Already Determined That JBI Cannot Seek Legal Fees ........................................................................................................ 2

        2.    JBI Cannot Enforce the CMA's Provision for Attorneys' Fees Since JBI Materially Breached the CMA ........................................................................ 4

    B.    JBI Is Not Entitled to a Collateral Source Hearing .................................................... 6

        1.    JBI Has Submitted No Competent Evidence That The Uvinos Have Received Collateral Payments Which Entitle JBI to a Collateral Source Hearing ........................................................................................................... 7

            a.    JBI Seeks to Offset Its Damages Through Collateral Sources Which the Uvinos Did Not Receive .................................................. 7

            b.    JBI Seeks to Offset Its Damages by Collateral Sources Which Are Wholly Unrelated to JBI's Breach of Contract Damages ............... 8

CONCLUSION ............................................................................................................................. 9

## TABLE OF AUTHORITIES

**Case**                                            **Page**

Bary v. Delta Airlines, Inc.,
    2009 U.S. Dist. LEXIS 94797 (E.D.N.Y. Oct. 9, 2009) ........................................................ 5

Dorn v. Berson,
    2012 U.S. Dist. LEXIS 40353 (E.D.N.Y. Mar. 1, 2012) ........................................................ 4

Drapkin v. Mafco Consol. Grp., Inc.,
    818 F. Supp. 2d 678, 2011 U.S. Dist. LEXIS 108698 (S.D.N.Y. 2011) ........................... 4, 5

In re McLean Indus. Inc.,
    121 B.R. 704 (Bankr. S.D.N.Y. 1990) ................................................................................... 4

In re September 11th Litig.,
    590 F. Supp. 2d 535 (S.D.N.Y. 2008) ................................................................................ 6, 8

Johnson v. N.Y. City Tr. Auth.,
    88 A.D.3d 321 (1st Dep't 2011) ............................................................................................. 6

Kihl v. Pfeffer,
    47 A.D.3d 154 (2d Dep't 2007) .......................................................................................... 5, 6

Singer v. Xipto Inc.,
    2012 U.S. Dist. LEXIS 46205 (S.D.N.Y. Mar. 30, 2012) ..................................................... 4

Turuseta v. Wyassup-Laurel Glen Corp.,
    91 A.D.3d 635 (2d Dep't 2012) ............................................................................................. 7

Ventura v. Fisher,
    5 Misc. 3d 1001A, 2004 N.Y. Misc. LEXIS 1663 (N.Y. Civ. Ct. 2004) ............................. 6

**Statutes and Other Authorities**                            **Page**

Fed. R. Civ. P. 54 .......................................................................................................................... 1, 4

N.Y. CPLR 4545 ............................................................................................................................ 1, 5

Restat. 2d of Contracts, § 237 ........................................................................................................... 5

Pursuant to Fed. R. Civ. P. 54 and N.Y. CPLR 4545, Joseph and Wendy Uvino (together, the "Uvinos") respectfully submit this Memorandum of Law in Opposition to J. Barrows, Inc.'s ("JBI") Motion for Award of Costs and Attorney's Fees and for Collateral Source Hearing (the "Motion" or "JBI Motion").

## PRELIMINARY STATEMENT

Despite having been found to have breached its contract with the Uvinos to the tune of more than $400,000 and despite a ruling in Bankruptcy Court expunging and disallowing its claim for attorneys' fees, JBI has the chutzpah to make an application to this court for attorneys' fees purportedly related to the $47,000 award it obtained from the jury. In addition, JBI seeks to further damage the Uvinos by requesting a "collateral source hearing" without any basis whatsoever. JBI's continued efforts to harass and harm the Uvinos must be denied.

On March 14, 2012, Judge Lifland issued a Bankruptcy Court Order denying JBI's efforts to obtain a right to collect attorneys' fees related to the instant action from the Uvinos. Two days later the jury in this action rendered a verdict that JBI materially breached its contractual obligations to the Uvinos and awarded the Uvinos $401,628 in damages arising from such breach. Incredibly, JBI now seeks costs and attorneys' fees from the Uvinos in the amount of $253,788.88 in connection with its breach of contract action against the Uvinos. Because (i) the Bankruptcy Court determined JBI was not entitled to seek attorneys' fees, and (ii) JBI materially breached its contractual obligations to the Uvinos, JBI has no grounds to assert a claim for attorneys' fees in any amount. Indeed, JBI's attempt to seek any fees based upon its breach of contract action is a willful violation of the injunction contained in the Uvinos' Plan of Reorganization. That Plan has been confirmed by an Order, which is now a final non-appealable

1

order. As set forth below, such an award would be contrary to the Bankruptcy Court's Order, inconsistent with New York case law and wholly unsupportable.

While the Uvinos put forth evidence that they suffered damages in the amount of approximately $1.9 million, the Uvinos were awarded only a portion of those damages, namely $317,840 in general damages and $83,788 in consequential damages as against JBI and $63,191 against Kaehler Moore Architects ("KMA") for its respective breach of contract claims. Despite this shortfall in damages, JBI now seeks a collateral source hearing to determine whether the Uvinos have received collateral payments from various trade contractors that may offset JBI's liability. This request is sheer folly, and is nothing more than a waste of resources and an effort by JBI to delay paying a judgment. Although JBI bears the onerous burden of proving that it is entitled to an offset, JBI has presented no evidence that the Uvinos have received payments from collateral sources related to damages payable by JBI. As such, JBI cannot satisfy its burden of proof and should not be entitled to a collateral source hearing which would be futile.

## ARGUMENT

### A. JBI Is Not Entitled to Legal Fees

1. The Bankruptcy Court Has Already Determined That JBI Cannot Seek Legal Fees

On March 14, 2012, the Honorable Judge Lifland of the United States District Court for the Eastern District of New York (the "Bankruptcy Court") entered a Decision and Order granting the Uvinos' motion to expunge the unsecured portion of JBI's third proof of claim which included a claim for the attorneys' fees sought in its current motion (the "Bankruptcy Order").[1] A true and correct copy of the Bankruptcy Order is annexed as Exhibit A to the

---

[1] Notably, although JBI attempts to distinguish between the fees sought by its late-filed proof of claim in the Bankruptcy Court and the fees sought in the JBI Motion by qualifying the former as fees related to defending the Uvinos' counterclaims and the latter as fees related to JBI's affirmative claims, this is clearly a transparent attempt by JBI to avoid the consequences of filing its proof of claim over a year and a half after the Bar Date. See JBI

2

Declaration of William F. Dahill, dated April 27, 2012 (the "Dahill Dec."). Because the Bankruptcy Court has already determined that JBI is not entitled to seek attorneys' fees from the Uvinos, the Court should deny JBI's effort to circumvent this ruling through its Motion for Attorneys' Fees.

The Uvinos filed for Chapter 11 bankruptcy on August 27, 2009. JBI filed two proofs of claim with the Bankruptcy Court from September through October 2009, seeking monies allegedly due to it pursuant to the Construction Management Agreement entered into between the Uvinos and JBI (the "CMA") in connection with the construction of the Uvinos' home at 154 Swamp Road in East Hampton, New York (the "Uvino Project"). Bankruptcy Order p. 3 & n.1; Uvino Ex. 10.[2] On each of these proofs of claim, JBI failed to check the box stating "check this box if claim includes interest or other charges in addition to the principal amount of claim." Bankruptcy Order p. 3. The Uvinos agreed that claims set forth in JBI's first two proofs of claim would be heard in this action. Any further claim by JBI was made subject to the Uvinos' bankruptcy stay. Although JBI later tried to add a claim for legal fees and interest through a third proof of claim, that claim was expunged (as discussed below) and any other "claim" not included within the confirmed bankruptcy plan[3] is now eliminated pursuant to the Bankruptcy Code.

---

Motion p. 7 n.1. JBI's disingenuous motives are evidenced by, among other things, the Platek Declaration submitted in support of JBI's Motion, which seeks attorneys' fees based on motions for summary judgment (by which JBI sought dismissal of the Uvinos' counterclaims), extensive discovery including depositions of numerous parties (through which JBI sought to defend against the Uvinos' counterclaims, including 3 days of depositions of Wendy Uvino, 4 days of depositions of Joseph Uvino, and the depositions of William Waldron, Donald Moore, and various trade contractors) and legal fees "relating to its Proof of Claim and associated matters in the Uvinos' bankruptcy proceeding." Platek Dec. ¶¶ 18-19. Further, JBI makes no attempt to set forth any difference between the legal fees sought by its proof of claim and those sought by the JBI Motion.

[2] Citations to Exhibits admitted by the Uvinos at trial are in the form "Uvino Ex. __" and are annexed to the Dahill Dec.

[3] A true and correct copy of the Uvinos' Second Amended Plan of Reorganization, dated October 27, 2011 is annexed to the Dahill Dec. as Exhibit F. A true and correct copy of the Order Confirming the Uvinos' Second Amended Plan of Reorganization, dated February 15, 2012, is annexed to the Dahill Dec. as Exhibit G.

3

The Bankruptcy Court entered an order dated November 30, 2009, establishing January 6, 2010 as the bar date for filing proofs of claim (the "Bar Date"). Id. On October 20, 2011, more than 20 months after the Bar Date, JBI filed a third proof of claim adding an unsecured claim of $767,679.29 for interest and fees, including $250,000.00 for legal fees allegedly related to this action. Id. p. 3-4. Judge Lifland found that: (i) the third proof of claim did not relate back to JBI's timely filed proofs of claim; and (ii) the earlier proofs of claim failed to provide notice that JBI was seeking unsecured fees and interest. Thus, pursuant to section 502(b)(9) of the Code, Judge Lifland held that JBI's claim for interest and fees was "nothing more than a back-door attempt to escape the Bar Date and must be disallowed." Id. p. 9. The Bankruptcy Order should not be disturbed as the "decision to permit an amendment to a proof of claim 'rests within the sound discretion of the bankruptcy judge.'" Id. p. 6 (citing In re McLean Indus. Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)). JBI cannot ignore Judge Lifland's ruling and seek another bite of the apple in this Court. JBI did not appeal the Bankruptcy Order and it is now a final, non-appealable order.

2. JBI Cannot Enforce the CMA's Provision for Attorneys' Fees Since JBI Materially Breached the CMA

Passing the fact that JBI already has failed in its request for this same relief, JBI also cannot recover attorneys' fees due to its material breach of the contract on which it relies to seek such fees. Under New York case law and the so-called 'American Rule,' "each party is to bear its own costs of litigation . . . absent a statutory obligation, an enforceable contractual obligation, or a situation involving willful disobedience of a court order." Dorn v. Berson, 2012 U.S. Dist. LEXIS 40353, at *28-29 (E.D.N.Y. Mar. 1, 2012) (internal quotations and citations omitted) (emphasis added); Singer v. Xipto Inc., 2012 U.S. Dist. LEXIS 46205, at *29 (S.D.N.Y. Mar. 30, 2012) ("attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable

4

contract providing therefor[e]"); *see* Fed. R. Civ. P. 54(d)(2). In addition, "[a] fundamental principle of contract law provides that the material breach of a contract by one party discharges the contractual obligations of the non-breaching party." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 2011 U.S. Dist. LEXIS 108698, at *15 (S.D.N.Y. 2011).

JBI seeks $253,788.88 in attorneys' fees in connection with its breach of contract claim against the Uvinos, relying on Section 4.3 of the CMA, which provides "the [Uvinos] agree[] to pay all costs arising from the need for collection including . . . legal fees." CMA § 4.3. On March 16, 2012, while the jury found a breach of the CMA by the Uvinos in the amount of $47,000, the jury entered a verdict that JBI materially breached its contractual obligations to the Uvinos under the CMA and awarded the Uvinos $401,628 in damages. See Doc. No. 201.[4] Since JBI materially breached the CMA, JBI can no longer rely on the CMA's provision for legal fees as an "enforceable contractual obligation." CMA § 4.3; Drapkin, 2011 U.S. Dist. LEXIS 108698, at *15; Bary v. Delta Airlines, Inc., 2009 U.S. Dist. LEXIS 94797, at *59 (E.D.N.Y. Oct. 9, 2009) (limitation of liability provision unenforceable by party who materially breached the agreement); Restat. 2d of Contracts, § 237 ("[I]t is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time."). Without an enforceable contract, JBI has no basis on which to seek any fees. For all of the foregoing reasons, the Court should deny JBI's Motion for Award of Costs and Attorney's Fees.[5]

---

[4] Citations to Docket entries for case 2:09-cv-03905-LDW-ETB are in the form "Doc. No. __" and are annexed to the Dahill Dec.

[5] While the Court should not entertain awarding any fees to JBI, in the event a hearing is held, the Uvinos reserve all rights to challenge the amount of any such award on all applicable grounds, and to object to any in camera submission by JBI in connection with such effort.

### B. JBI Is Not Entitled to a Collateral Source Hearing

JBI has moved for a collateral source hearing purportedly in attempt to offset the damages award against it with wholly unrelated and/or nonexistent evidence of collateral sources. CPLR 4545(a) provides that: "evidence shall be admissible for consideration by the court to establish that any . . . cost or expense was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source." N.Y. C.P.L.R. § 4545(a) (emphasis added). Under the CPLR, the moving defendant bears the burden of establishing an entitlement to a collateral source reduction of an award by clear and convincing evidence. Kihl v. Pfeffer, 47 A.D.3d 154, 163-64 (2d Dep't 2007); Johnson v. N.Y. City Tr. Auth., 88 A.D.3d 321, 327-28 (1st Dep't 2011). Any such effort here would be futile and a waste of the Uvinos' resources while JBI fails to pay on the verdict rendered against it.

In meeting its burden, defendant must first "establish with reasonable certainty that the plaintiff has received . . . payments from a collateral source." Kihl, 47 A.D.3d at 163-64. Next, defendant must prove that collateral source payments which the plaintiff has received specifically and directly correspond to particular items of pecuniary loss to be replaced. In re September 11th Litig., 590 F. Supp. 2d 535, 548 (S.D.N.Y. 2008); Johnson, 88 A.D.3d at 327-28 ("An offset is permitted only when the collateral source payment represents reimbursement for a particular . . . loss that corresponds to . . . loss for which damages were awarded."). The collateral source rule does not seek to provide defendants with an "undeserved windfall" and "prefers double recoveries in favor of plaintiffs over the polar alternative of depriving plaintiffs of a compensatory award for economic losses to which the trier of fact found them entitled." Kihl, 47 A.D.3d at 168 (2d Dep't 2007); Ventura v. Fisher, 5 Misc. 3d 1001A, 2004 N.Y. Misc. LEXIS 1663, at *5 (N.Y. Civ. Ct. 2004). Because JBI cannot meet its burden in establishing it is

6

entitled to a collateral source reduction and a collateral source hearing would be futile and a waste of resources, the Court should deny JBI's Motion for a Collateral Source Hearing.

   1. <u>JBI Has Submitted No Competent Evidence That The Uvinos Have Received Collateral Payments Which Entitle JBI to a Collateral Source Hearing</u>

     a. *JBI Seeks to Offset Its Damages Through Collateral Sources Which the Uvinos Did Not Receive*

Although JBI bears the burden of establishing its entitlement to a collateral source reduction by <u>clear and convincing evidence</u>, JBI has failed to present (and cannot present) <u>any</u> evidence that the Uvinos received any payments from four of the six trade contractors ("TCs") from which JBI now seeks an offset. <u>Kihl</u>, 47 A.D.3d at 163-64 (2d Dep't 2007); Platek Dec. Exs. F-G.[6] Indeed, as the Court is aware, claims by Valdespino Custom Builders, Inc. ("Valdespino") and F. Schneider Contracting ("F. Schneider") were dismissed by the Court for the failure of each party to appear at trial. Mar. 13, 2012 Tr. at 273:19-24, 282:13-20.[7] No payments have been made by either party to the Uvinos. See Declaration of Joseph Uvino, dated April 27, 2012 ("Uvino Dec.") ¶¶ 3-4. As to Woods & Colors, Inc. ("Woods & Colors"), the Court is reminded that the Uvinos never asserted a claim against that contractor; it had been made a party *by JBI* as part of JBI's lien foreclosure claim. Indeed, as the evidence at trial showed, the Uvinos *paid* Woods & Colors $7,000. See Uvino Ex. 152A at TG 001099; Uvino Dec. ¶ 5. Finally, there is no basis whatsoever for JBI to assert that Sunshine Rooms, Inc. ("Sunshine Rooms") made any payment to the Uvinos and there has been no such payment. Uvino Dec. ¶ 6. Thus, on its face, JBI's Motion fails to demonstrate with reasonable certainty any competent evidence that the Uvinos have received payments from the aforementioned TCs

---

[6] Citations to the Declaration of Jeremy D. Platek, dated April 13, 2012 submitted with the JBI Motion are in the form "Platek Dec. __."

[7] Citations to trial testimony are in the form "Mar. __, 2012 Tr. at [page:line]" and are annexed to the Dahill Dec.

providing no basis for a collateral source hearing. Kihl, 47 A.D.3d at 163-64; see Turuseta v. Wyassup-Laurel Glen Corp., 91 A.D.3d 635 (2d Dep't 2012) (cited at JBI Motion, p. 6).

### b. *JBI Seeks to Offset Its Damages by Collateral Sources Which Are Wholly Unrelated to JBI's Breach of Contract Damages*

JBI further seeks to offset its damages by settlements between the Uvinos and Pools by Guillo, Inc. ("Pools by Guillo") and J.L. Masonry and Construction, Inc. ("J.L. Masonry"). This effort fails for numerous reasons, particularly that those settlements are unrelated to the damages awarded against JBI. JBI Motion p. 4-5; Platek Dec. Ex. F. As such, JBI has failed to (and cannot) establish that the aforesaid settlements specifically or directly correspond to the damages assessed against JBI. In re September 11th Litig., 590 F. Supp. 2d 535, 548 (S.D.N.Y. 2008). JBI relies on Uvino Exhibit 152A for the premise that it "lists purported project-related expenditures to each of the [TCs] . . . from which the Uvinos potentially obtained settlement proceeds." Platek Dec. ¶ 14. Although Uvino Exhibit 152A lists payments by the Uvinos to the various TCs, these costs were submitted primarily to establish cost overruns on the project overall caused by JBI (and KMA) in the management of the Uvino Project. Uvino Ex. 152A. Because JBI cannot establish that the Uvinos received any collateral payments which directly correspond to the damages awarded against JBI, JBI's Motion for a Collateral Source Hearing must be denied.

In any event, the settlements in question provided little compensation to the Uvinos. See Uvino Dec. ¶¶ 7-8. As to the Uvinos' settlement with Pools by Guillo, Pools by Guillo made no payments to the Uvinos, but simply (i) addressed items which it was obligated to perform (and with which were not admitted into evidence at trial); and (ii) released its mechanic's lien against the Uvinos. Uvino Dec. ¶ 7. The Uvinos entered into a settlement with J.L. Masonry by which J.L. Masonry paid $5,000 and released its mechanic's lien (Uvino Dec. ¶ 7). In addition to being

unrelated to the damages award against JBI, this compensation leaves the Uvinos far short of their $1.9 million in damages.

## CONCLUSION

For all the foregoing reasons, the Uvinos respectfully request that the Court deny JBI's Motion for Award of Costs and Attorney's Fees and for Collateral Source Hearing.

Dated: New York, New York
April 27, 2012

By: _____
William F. Dahill

Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, 12th Floor
New York, New York 10110

*Attorneys for Joseph and Wendy Uvino*