IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★ OCT 01 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

J. BARROWS, INC.,

                                    Plaintiff,

            -against-

JOSEPH UVINO, et al.

                                Defendants,

            -and-

BARROWS, et al.

        Additional Defendants on the Counterclaims.

-----------------------------------------------------------------X
-----------------------------------------------------------------X

JOSEPH UVINO, WENDY UVINO, WOOD & COLORS, INC. and POOLS BY PAUL GUILLO, INC.,

                        Third-Party Plaintiffs,
            - against -

BARROWS, et al.

                        Third-Party Defendants.

-----------------------------------------------------------------X
-----------------------------------------------------------------X

JOSEPH UVINO and WENDY UVINO,

                        Third-Party Plaintiffs,

            - against -

KAEHLER MOORE ARCHITECTS, et al.

                        Third-Party Defendants.

-----------------------------------------------------------------X

Docket No.: 09-03905

(LDW)(ETB)

ECF Case

[~~PROPOSED~~]

**JUDGMENT AND ORDER**

        **WHEREAS**, this Court, having presided over the trial of the within action, and based upon all evidence received into the record, and based upon all prior proceedings, pleadings

and motions herein, the jury having rendered a verdict on March 16, 2012 (i) finding in favor of Joseph Uvino and Wendy Uvino (collectively, the "Uvinos") as against J. Barrows, Inc. ("JBI") in the amount of $317,840.00 in general damages, $83,788.00 in consequential damages, and $51,231.04 in damages for breach of its fiduciary duties, (ii) finding in favor of the Uvinos as against Kaehler Moore Architects ("KMA") in the amount of $63,191.00 in general damages, (iii) finding in favor of JBI as against the Uvinos in the amount of $47,233.00, (iv) finding that KMA did not prove its breach of contract claim against the Uvinos, and (v) finding that the Uvinos did not prove their breach of contract claim against Hampton Contracting Inc. ("Hampton"), it is hereby

**ORDERED AND ADJUDGED** that the Uvinos recover from JBI the amount of $317,840.00 in general damages, $83,788.00 in consequential damages, and $51,231.04 in damages for breach of its fiduciary duties, plus pre-judgment interest on each of the foregoing pursuant to the Court's July 25th Order from March 16, 2012, the date on which the verdict was entered, to present at New York State's statutory rate of 9%, amounting to $ 21,551.13 as of September 25, 2012, for a total amount of $ 474,410.17 as of September 25, 2012, and post-judgment interest from the date of entry of the within judgment until such date that the total award of damages is paid pursuant to 28 U.S.C. § 1961.

**FURTHER ORDERED AND ADJUDGED** that the Uvinos recover from KMA the amount of $63,191.00 in general damages, plus pre-judgment interest pursuant to the Court's July 25th Order from March 16, 2012, the date on which the verdict was entered, to present at New York State's statutory rate of 9%, amounting to $ 3,007.20 as of September 25, 2012, for a total amount of $ 66,198.20 as of September 25, 2012, and post-judgment interest from the date of

2

entry of the within judgment until such date that the total award of damages is paid pursuant to 28 U.S.C. § 1961.

**FURTHER ORDERED AND ADJUDGED** that JBI shall recover from the Uvinos the amount of $47,233.00, plus pre-judgment interest pursuant to the Court's July 25th Order from March 16, 2012, the date on which the verdict was entered, to present at New York State's statutory rate of 9%, amounting to $2247.77 as of September 25, 2012, for a total amount of $49480.77 as of September 25, 2012, and post-judgment interest from the date of entry of the within judgment until such date that the total award of damages is paid pursuant to 28 U.S.C. § 1961, which amounts having been previously bonded by the Uvinos and recovery of which shall be made solely against said bond.

**FURTHER ORDERED AND ADJUDGED** that KMA did not prove its breach of contract claim against the Uvinos.

**FURTHER ORDERED AND ADJUDGED** that the Uvinos did not prove their breach of contract claim against Hampton.

**WHEREAS**, having received argument at trial of the within matter with respect to motions for judgment as a matter of law, and based upon all evidence received into the record at the trial of the within action, and based upon all prior proceedings, pleadings and motions herein, and the Court having issued a bench decision on March 14, 2012 dismissing all causes of action alleged in the within action by the Uvinos as against John Barrows individually, dismissing the Uvinos' third and fifth claims as against JBI and dismissing the Uvinos' second, third and fourth claims as against KMA, it is hereby

**ORDERED AND ADJUDGED** that all claims alleged by the Uvinos as against John Barrows individually are hereby dismissed with prejudice.

**FURTHER ORDERED AND ADJUDGED** that the Uvinos' third and fifth claims as against JBI are hereby dismissed with prejudice.

**FURTHER ORDERED AND ADJUDGED** that the Uvinos' second, third and fourth claims as against KMA are hereby dismissed with prejudice.

**WHEREAS**, this Court, having received no appearance at trial of the within matter by Third Party Defendant Valdespino Custom Builders ("Valdespino"), and based upon all prior proceedings, pleadings and motions herein, and all parties having had full and fair opportunity to present their claims before the court, it is hereby

**ORDERED AND ADJUDGED** that Valdespino has defaulted on its claims as asserted by and against the Uvinos and, as such, all claims alleged by Valdespino asserted against the Uvinos are hereby dismissed with prejudice and the Uvinos have judgment on all claims asserted by them against Valdespino.

**ORDERED AND ADJUDGED** that the parties are to submit their application for costs and fees to the Clerk of the Court within 21 days of entry of the within Order.

**SO ORDERED:**

Dated: Central Islip, New York
~~September __, 2012~~
October 1, 2012

**The Honorable Leonard D. Wexler**
**Senior United States District Judge**