UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. BARROWS, INC., Plaintiff, -against- JOSEPH UVINO, et al. Defendants, -and- JOHN BARROWS, et al. Additional Defendants on the Counterclaims. | Docket No.: 09-03905 (LDW)(ETB) |

(See Accompanying Notice of Motion for Full Caption)

**JOSEPH AND WENDY UVINO'S MOTION PURSUANT TO THE SECOND CIRCUIT'S SUMMARY ORDER TO DETERMINE THE DATES FROM WHICH PRE-VERDICT PREJUDGMENT INTEREST SHALL RUN AND TO MODIFY THE JUDGMENT ACCORDINGLY**

Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110

*Attorneys for Joseph and Wendy Uvino*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... iii

PROCEDURAL HISTORY ..... 1

ARGUMENT ..... 3

A. The 2012 Judgment Must Be Modified to Provide the Parties Mandatory Pre-verdict Prejudgment Interest ..... 3

B. The Parties Are Entitled to Mandatory Pre-verdict Prejudgment Interest from a Single Reasonable Intermediate Date ..... 4

C. In the alternative, the Parties are Entitled to Mandatory Pre-verdict Prejudgment Interest from No Later Than the Dates on Which the Actions were Commenced ..... 7

D. The 2012 Judgment Must Provide for Post-verdict Prejudgment Interest on the Parties' Damages Awards Including Interest to Verdict ..... 8

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Adrian v. Town of Yorktown,
620 F.3d 104 (2d Cir. 2010)....8

Barkley v. United Homes,
No. 04 Civ. 875, 2012 U.S. Dist. LEXIS 11421 (E.D.N.Y. 2012)....4

Carco Grp., Inc. v. Maconachy,
644 F. Supp. 2d 218 (E.D.N.Y. 2009)....3, 4

Conway v. Icahn & Co.,
16 F.3d 504 (2d Cir. 1994)....6

Dweck Law Firm, LLP v. Mann,
No. 03 Civ. 8967, 2004 U.S. Dist. LEXIS 19601 (S.D.N.Y. 2004)....7

Lewis v. S.L. & E., Inc.,
831 F.2d 37 (2d Cir. 1987)....8

Mar Oil, S.A. v. Morrissey,
982 F.2d 830 (2d Cir. 1993)....4

Meisel v. Grunberg,
No. 07 Civ. 11610, 2012 U.S. Dist. LEXIS 23284 (S.D.N.Y. 2012)....8

Panix Prods. v. Lewis,
No. 01 Civ. 2709, 2003 U.S. Dist. LEXIS 11952 (S.D.N.Y. 2003)....4, 7

Shamis v. Ambassador Factors Corp.,
No. 95 Civ. 9818, 2001 U.S. Dist. LEXIS 172 (S.D.N.Y. 2001)....4, 6

United Bank, Ltd. v. Cosmic Int'l, Inc.,
542 F.2d 868 (2d Cir. 1976)....3

U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.,
369 F.3d 34 (2d Cir. 2004)....4

**OTHER AUTHORITIES**

CPLR § 5001 ........ *passim*

CPLR § 5002 ........ 1, 7, 8

CPLR § 5004 ........ 1, 8

Defendants-Third Party Plaintiffs Joseph and Wendy Uvino (together, the "Uvinos") respectfully submit this brief in support of their motion to determine the dates from which pre-verdict prejudgment interest shall run and to adjust the parties' post-verdict prejudgment interest awards to include the pre-verdict prejudgment interest, pursuant to CPLR §§ 5001-5002, 5004 and the Summary Order entered by the Second Circuit on March 14, 2013 (the "Summary Order"[1]), and to modify the 2012 Judgment accordingly.

## PROCEDURAL HISTORY

On March 16, 2012, the jury rendered a verdict finding, among other things, (i) in favor of the Uvinos as against J. Barrows, Inc. ("JBI") in the amount of $317,840.00 in general damages based on breach of contract, $83,788.00 in consequential damages based on breach of contract and $51,231.04 in damages for breach of its fiduciary duties, and (ii) in favor of JBI as against the Uvinos in the amount of $47,233.00. Doc. No. 201.[2] The jury did not address prejudgment interest in its verdict.

Thereafter, the Uvinos requested that judgment be entered with pre-verdict prejudgment interest from a single reasonable intermediate date set by the Court as well as post-verdict prejudgment interest on the parties' damages awards, including their pre-verdict prejudgment interest, at New York's statutory rate of 9% per annum pursuant to New York's mandatory prejudgment interest provisions (CPLR §§ 5001-5002, 5004). Doc. Nos. 238, 240 (together, the "District Court Motions"). Based upon the evidence submitted at trial, the Uvinos conservatively set forth a basis for a single reasonable intermediate date of October 16, 2006, the

[1] A true and correct copy of the Summary Order is annexed to the Affidavit of William F. Dahill, dated March 27, 2013 (the "Dahill Aff.") as Exhibit A.

[2] Citations to docket entries for case 2:09-cv-03905-LDW-ETB (the "Action") are in the form "Doc. No. __."

chronological midpoint between the date the contract was entered into by the Uvinos and JBI and the termination of that relationship.

On July 25, 2012, the District Court issued an Order (the "Prejudgment Interest Order"[3]) stating that "prejudgment interest shall be awarded from the date of the verdict at the rate provided under New York law. The parties are to agree upon and submit a proposed judgment." Prejudgment Interest Order. On August 1, 2012, the Uvinos timely moved pursuant to District Court Local Rule 6.3 for reconsideration and amendment of the Prejudgment Interest Order on the basis that it failed to include mandatory pre-verdict prejudgment interest. On September 6, 2012, the Court issued an Order (the "Reconsideration Order,"[4] and together with the Prejudgment Interest Order, the "District Court Orders") denying the Uvinos' Motion for Reconsideration.

On September 25, 2012, pursuant to the District Court Orders, the Uvinos submitted a [Proposed] Judgment and Order to the District Court, which the Court so ordered on October 1, 2012 and which was posted as entered by the Clerk on October 5, 2012 (the "2012 Judgment"). Doc. No. 255. Pursuant to the District Court Orders, the 2012 Judgment awarded the parties only post-verdict prejudgment interest from March 16, 2012 until the date the 2012 Judgment was entered and post-judgment interest from the date the 2012 Judgment was entered until the total award of damages is paid. Id. The 2012 Judgment, however, failed to award the parties pre-verdict prejudgment interest on their respective damages awards, as mandated by CPLR § 5001. Id.

---

[3] The Prejudgment Interest Order is publicly available on the District Court Pacer page for Index No. 2:09-cv-03905.

[4] The Reconsideration Order is publicly available on the District Court Pacer page for Index No. 2:09-cv-03905.

On October 5, 2012, the Uvinos filed a notice of appeal seeking to vacate the 2012 Judgment insofar as it failed to include pre-verdict prejudgment interest as mandated by New York law. On March 14, 2013, the Second Circuit issued the Summary Order in favor of the Uvinos, vacating the 2012 Judgment insofar as it fails to include mandatory pre-verdict prejudgment interest awards as required under New York law and remanding to the District Court to (1) "determine a date for the award of pre-verdict, prejudgment interest;" and (2) "to adjust the post-verdict interest award to include the pre-verdict, prejudgment interest." Summary Order, p. 2.

## ARGUMENT

### A. The 2012 Judgment Must Be Modified to Provide the Parties Mandatory Pre-verdict Prejudgment Interest

Pursuant to the Summary Order, CPLR § 5001 and binding New York case law, the parties are entitled to mandatory pre-verdict prejudgment interest on all of their claims for which damages were awarded. Summary Order, p. 2 ("The district court erred in failing to award pre-verdict, pre-judgment interest, which is mandatory in New York for both breach of contract and breach of fiduciary claims"); CPLR § 5001(a) (pre-verdict prejudgment "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property") (emphasis added); United Bank, Ltd. v. Cosmic Int'l, Inc., 542 F.2d 868, 878 (2d Cir. 1976) ("[t]his Court has repeatedly held that since CPLR § 5001 is obviously phrased in mandatory terms, New York law does not permit the trial court to exercise any discretion with regard to prejudgment interest determinations"); Carco Grp., Inc. v. Maconachy, 644 F. Supp. 2d 218, 246 (E.D.N.Y. 2009) ("[a]n award of prejudgment interest is mandatory for a breach of contract claim. . . . The Second Circuit has indicated that prejudgment interest is also mandatory

for a breach of fiduciary duty claim") (vacated on other grounds) (emphasis added). As such, and as per the Second Circuit's Summary Order, the 2012 Judgment must be modified to provide the parties mandatory pre-verdict prejudgment interest.

**B. The Parties Are Entitled to Mandatory Pre-verdict Prejudgment Interest from a Single Reasonable Intermediate Date**

"In order to provide the successful claimant with complete indemnification, prejudgment interest must be awarded from the date of the adjudicated deprivation." Summary Order, p. 2 (citing Mar Oil, S.A. v. Morrissey, 982 F.2d 830, 845 (2d Cir. 1993)). Where, as here, damages were incurred at various times, "interest shall be computed . . . from a single reasonable intermediate date" and since the jury was discharged without setting a date from which pre-verdict interest should run, "the [C]ourt upon motion shall fix the date." CPLR §§ 5001(b)-(c); U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 78-79 (2d Cir. 2004) (finding the district court properly awarded prejudgment interest from the reasonable intermediate date using "the chronological midpoint" halfway between when the contractual obligation arose and the last date on which the damages were incurred); see Barkley v. United Homes, No. 04 Civ. 875, 2012 U.S. Dist. LEXIS 11421, at *78-80 (E.D.N.Y. Jan. 27, 2012) (holding that plaintiffs were entitled to prejudgment interest at 9% per annum "from an intermediate date" where the verdict did not specify a date); Carco Grp., 644 F. Supp. 2d at 246 (awarding prejudgment interest from the "midpoint of periods for which [plaintiff's breach of contract and breach of fiduciary duty] claims accrued"); Panix Prods. v. Lewis, No. 01 Civ. 2709, 2003 U.S. Dist. LEXIS 11952, at *8 (S.D.N.Y. July 15, 2003) (granting pre-verdict interest on breach of fiduciary duty award from the date on which the moving party had paid 50% of the management fees); Shamis v. Ambassador Factors Corp., No. 95 Civ. 9818, 2001 U.S. Dist. LEXIS 172, at *19-20 (S.D.N.Y. 2001) (setting the "intermediate date between the time the contract was entered and the time

[the] action was filed, [as the date] from which prejudgment interest shall be imposed").

Because it is "not feasible to compute interest for each item of damages from the date it was incurred," Barkley, 2012 U.S. Dist. LEXIS 11421, at *79, the Uvinos respectfully request pursuant to CPLR § 5001(c), that the District Court set the reasonable intermediate pre-verdict date of October 16, 2006 for the awards as against JBI in favor of the Uvinos and as against the Uvinos in favor of JBI. The Uvinos conservatively calculated this intermediate date based on the mid-point between November 1, 2005, the date on which the Uvinos entered into the Construction Management Agreement (the "CMA"[5]) with JBI, which the jury found was breached, and October 1, 2007, a date closely proximate to the termination of the parties' relationship.[6] The use of this chronological midpoint is consistent with Second Circuit authority. U.S. Fid. & Guar. Co., 369 F.3d at 78-79; Carco Grp., 644 F. Supp. 2d at 246.

Moreover, as provided in the District Court Motions and submitted as evidence at trial, because many of JBI's breaches of the CMA predated the Uvinos' proposed intermediate date, the Uvinos' proposed date is reasonable. For example, JBI breached the CMA with respect to issuing and/or approving improper change orders, dating back to February 2006. See Trial Ex. 115 (listing improper change orders dating back to February 15, 2006); Trial Ex. 36 (improper change order from October 6, 2006); Trial Ex. 42 (December 6, 2006 unauthorized approval of electrical change order for $51,231.04); W. Uvino Test.[7] at 120:25-124:5 (discussing JBI's improper change orders beginning February 15, 2006). Additionally, JBI breached the CMA with respect to budgetary issues as far back as February 2006. See Trial Exs. 13, 15, 18

---

[5] A true and correct copy of the CMA is annexed to the Dahill Aff. as Exhibit B.

[6] A true and correct copy of Trial Exhibit 92, correspondence from J. Barrows to the Uvinos, which terminated the parties' relationship, dated October 11, 2007, is annexed to the Dahill Aff. as Exhibit C.

[7] Citations to the March 8, 2012 trial testimony of Wendy Uvino are in the form "W. Uvino Test."

(evidencing JBI's breach of its contract with respect to budget issues, beginning as early as February 7, 2006); Waldron Test.[8] at 25:5-17 (February 2006 budget contained over 47% allowances), 27:1-12 (foregoing breaches led Uvinos to wind up with house well over budget), 27:20-28:11 (JBI's failures with regard to budget). Finally, as set forth at trial, JBI committed breaches of contract as to its handiwork and supervision of the interior reveals at least as far back as March 2007; only five months after the Uvinos' proposed intermediate and nine months prior to the date the Uvinos commenced their breach of contract claim against JBI. See Trial Ex. 152A ($238,855 to remediate the interior reveals); Trial Ex. 48 (March 5, 2007 email from KMA to JBI re: poor quality of the reveals under JBI's supervision).

Because the evidence demonstrates that JBI breached the CMA well before the Uvinos' proposed intermediate date, respectfully, the 2012 Judgment should be modified to award such interest from the Uvinos' proposed reasonable intermediate date of October 16, 2006, the chronological midpoint of the parties contractual relationship, to the date of verdict. See, e.g., Shamis, 2001 U.S. Dist. LEXIS 172, at *19-20, 23. Based on this approach, the Uvinos respectfully submit that they are entitled to pre-verdict prejudgment interest on their total damages award of $452,859.04[9] as against JBI from October 16, 2006 to March 16, 2012, which amounts to $220,871.14.[10] For the Court's convenience, annexed hereto as Exhibit 1 is a [Proposed] Modified Judgment and Order, pursuant to the Summary Order, which awards the

---

[8] Citations to the March 12, 2012 trial testimony of William Waldron are in the form "Waldron Test."

[9] The Uvinos' total damages award against JBI is calculated by adding the $317,840.00 in general damages based on breach of contract, $83,788.00 in consequential damages based on breach of contract and $51,231.04 in damages for breach of JBI's fiduciary duties.

[10] Based on this approach, JBI would be entitled to pre-verdict prejudgment interest on its $47,233.00 damages award as against the Uvinos from October 16, 2006 to March 16, 2012, amounting to $23,036.76.

parties' pre-verdict prejudgment interest from October 16, 2006 to March 16, 2012 using these figures.

**C. In the alternative, the Parties Are Entitled to Mandatory Pre-verdict Prejudgment Interest from No Later Than the Dates on Which the Actions Were Commenced**

As set forth above, the District Court had and has more than enough evidence from which to set a reasonable intermediate date from which pre-verdict prejudgment interest begins to run based on the chronological midpoint of the relationship as used in Second Circuit authorities. As previously addressed with the District Court, however, if despite the substantial evidence put forth at trial, in the Uvinos' District Court Motions, the Reconsideration Motion and the within motion, the District Court is not certain as to the date from which pre-verdict interest shall run, then it is undisputed that the District Court can calculate pre-verdict prejudgment interest from the date on which the action was commenced (a date plainly subsequent to the earliest ascertainable date the cause of action existed). See Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994) (where jury was not asked to specify a date when the damages were incurred, the court reasonably chose the date of commencement of the action); Dweck Law Firm, LLP v. Mann, No. 03 Civ. 8967, 2004 U.S. Dist. LEXIS 19601, at *7 (S.D.N.Y. Sept. 29, 2004) ("The latest possible date from which interest could be awarded is . . . when Dweck brought suit seeking payment") (emphasis added); Panix Prods., 2003 U.S. Dist. LEXIS 11952, at *6 ("in the absence of a reasonable intermediate date, interest should be calculated from the date the action was commenced").

The Uvinos commenced their breach of contract action against JBI on December 11, 2007[11] and asserted their breach of fiduciary duty claim against JBI on April 14, 2008.[12] JBI

[11] A true and correct copy of the Uvinos' Summons with Notice, dated December 11, 2007, is annexed to the Dahill Aff. as Exhibit D.

brought its breach of contract action against the Uvinos on January 16, 2008.[13] As such, the Uvinos respectfully request that if the District Court believes it is unable to otherwise fix a date from which pre-verdict prejudgment interest shall run pursuant to CPLR § 5001, then such interest should run from no later than the dates on which the relevant claims were asserted. Based on this alternative approach, the Uvinos respectfully submit that they are entitled to pre-verdict prejudgment interest (i) on their $401,628.00 damages award as against JBI for breach of the CMA from December 11, 2007 to March 16, 2012 amounting to $154,192.14, and (ii) on their $51,231.04 damages award as against JBI for breach of its fiduciary duties from April 14, 2008 to March 16, 2012 amounting to $18,089.47.[14] Annexed hereto as Exhibit 2 is a [Proposed] Modified Judgment and Order, pursuant to the Summary Order, which awards the parties' pre-verdict prejudgment interest from the dates on which the respective actions were commenced, consistent with the foregoing calculations.

**D. The 2012 Judgment Must Provide for Post-verdict Prejudgment Interest on the Parties' Damages Awards Including Interest to Verdict**

As set forth in the Summary Order, pursuant to CPLR § 5002, the Parties are entitled to post-verdict prejudgment interest upon the total damages awarded including pre-verdict prejudgment interest thereon. Summary Order, p. 2 (remanding to the District Court to "adjust the post-verdict interest award to include the pre-verdict, prejudgment interest"); CPLR § 5002 ("[i]nterest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made

---

[12] A true and correct copy of the Uvinos' Verified Answer, Counterclaims and Cross-claims, dated April 14, 2008, is annexed to the Dahill Aff. as Exhibit E.

[13] A true and correct copy of JBI's Summons and Verified Complaint, dated January 16, 2008, is annexed to the Dahill Aff. as Exhibit F.

[14] Based on this approach, JBI would be entitled to pre-verdict prejudgment interest on its $47,233.00 damages award as against the Uvinos from January 16, 2008 to March 16, 2012, amounting to $17,714.32.

to the date of final judgment") (emphasis added); Adrian v. Town of Yorktown, 620 F.3d 104, 107 (2d Cir. 2010) ("[u]nder New York law, post-verdict prejudgment interest is mandatory"); see Meisel v. Grunberg, No. 07 Civ. 11610, 2012 U.S. Dist. LEXIS 23284, at *1-2 (S.D.N.Y. Feb. 21, 2012) (holding New York law "mandates that Plaintiff[s] receive both pre-verdict and post-verdict prejudgment interest, accrued at nine percent, pursuant to CPLR §§ 5001, 5002") (emphasis added).

"The purpose of § 5001(a)'s award of prejudgment interest in property actions is 'to assure complete indemnification to plaintiffs whose property ha[s] been damaged by the wrongful act of another.'" Summary Order, p. 2 (citing Lewis v. S.L. & E., Inc., 831 F.2d 37, 39 (2d Cir. 1987)). Accordingly, pursuant to CPLR §§ 5002 and 5004, the Uvinos are entitled to post-verdict prejudgment interest at 9% per annum on the total of their damages as against JBI ($452,859.04) plus the pre-verdict interest thereon (either $220,871.14 or $172,281.61, based on the above analyses) from March 16, 2012 (date of verdict) to the date of entry of the final judgment. CPLR § 5002 ("The amount of interest shall be computed by the clerk of the court and included in the judgment"). As such, respectfully, the District Court must modify the Judgment to include post-verdict prejudgment interest on the parties' respective awards to be calculated based on the damages and the pre-verdict interest thereon as directed by this motion.[15]

[15] The Uvinos' [Proposed] Modified Judgment and Orders annexed hereto as Exhibits 1 and 2 award the parties post-verdict prejudgment interest upon the total damages awarded including pre-verdict prejudgment interest thereon from March 16, 2012 through April 1, 2013, based on the foregoing calculations and as directed by the Second Circuit. Summary Order, p. 2 (remanding to the District Court "to adjust the post-verdict interest award to include the pre-verdict, prejudgment"). The Uvinos respectfully request that the Court enter the [Proposed] Modified Judgment and Order annexed hereto as Exhibit 1.

**CONCLUSION**

For all the foregoing reasons, the Uvinos respectfully request that the District Court modify the 2012 Judgment to provide the parties with mandatory pre-verdict and post-verdict prejudgment interest as provided under New York law and as directed by the Second Circuit in the form of Exhibit 1 annexed hereto or, in the alternative, in the form of Exhibit 2 annexed hereto.

Dated: New York, New York
March 27, 2013

By: ______________________

William F. Dahill
Melissa A. Finkelstein

Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110

*Attorneys for Joseph and Wendy Uvino*