# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
J. BARROWS, INC.,                                             : Docket No.: 09-03905
                                                              :
                                                              : (LDW)(ETB)
                                 Plaintiff,                   :
                                                              :
              -against-                                       : ECF Case
                                                              :
JOSEPH UVINO, et al.                                          :
                                 Defendants,                  : **[PROPOSED] MODIFIED**
                                                              : **JUDGMENT AND ORDER**
              -and-                                           :
                                                              :
BARROWS, et al.                                               :
                                                              :
     Additional Defendants on the Counterclaims.              :
---------------------------------------------------------------------------X
---------------------------------------------------------------------------X
JOSEPH UVINO, WENDY UVINO, WOOD & COLORS,                     :
INC. and POOLS BY PAUL GUILLO, INC.,                          :
                                                              :
                                 Third-Party Plaintiffs,      :
              - against -                                     :
                                                              :
BARROWS, et al.                                               :
                                                              :
                                 Third-Party Defendants.      :
---------------------------------------------------------------------------X
---------------------------------------------------------------------------X
JOSEPH UVINO and WENDY UVINO,                                 :
                                                              :
                                 Third-Party Plaintiffs,      :
                                                              :
              - against -                                     :
                                                              :
KAEHLER MOORE ARCHITECTS, et al.                              :
                                                              :
                                 Third-Party Defendants.      :
---------------------------------------------------------------------------X

    **WHEREAS**, this Court, having presided over the trial of the within action, and based

upon all evidence received into the record, and based upon all prior proceedings, pleadings and

2

motions herein, the jury having rendered a verdict on March 16, 2012 (i) finding in favor of Joseph Uvino and Wendy Uvino (collectively, the "Uvinos") as against J. Barrows, Inc. ("JBI") in the amount of $317,840.00 in general damages, $83,788.00 in consequential damages, and $51,231.04 in damages for breach of its fiduciary duties, (ii) finding in favor of the Uvinos as against Kaehler Moore Architects ("KMA") in the amount of $63,191.00 in general damages, (iii) finding in favor of JBI as against the Uvinos in the amount of $47,233.00, (iv) finding that KMA did not prove its breach of contract claim against the Uvinos, and (v) finding that the Uvinos did not prove their breach of contract claim against Hampton Contracting Inc. ("Hampton");

**WHEREAS**, pursuant to this Court's Orders of July 25, 2012 and September 6, 2012, this Court so ordered a judgment on October 1, 2012, which was posted as entered on October 5, 2012 (the "2012 Judgment"), awarding the parties post-verdict prejudgment interest on their respective damages awards from March 16, 2012 until the date the 2012 Judgment was entered and post-judgment interest from the date the 2012 Judgment was entered until the total award of damages is paid, but failing to award the parties pre-verdict prejudgment interest on their respective damages awards, as mandated by CPLR § 5001;

**WHEREAS**, on October 5, 2012, the Uvinos filed a notice of appeal seeking to vacate the 2012 Judgment insofar as it failed to include pre-verdict prejudgment interest as mandated by New York law;

**WHEREAS**, on November 27, 2012, the Uvinos filed a Satisfaction of Judgment, acknowledging full and complete satisfaction of the 2012 Judgment against KMA; and

**WHEREAS**, on March 14, 2013, the Second Circuit issued a Certified Summary Order (the "Summary Order") in favor of the Uvinos, vacating the 2012 Judgment insofar as it fails to

3

include mandatory pre-verdict prejudgment interest awards as required under New York law and remanding to the District Court to (1) determine the dates from which pre-verdict prejudgment interest shall run; and (2) adjust the post-verdict interest award to include the pre-verdict, prejudgment interest, and upon motion by the Uvinos, dated March 27, 2013, seeking entry of the Modified Judgment pursuant to the Second Circuit remand, it is hereby it is hereby

**ORDERED AND ADJUDGED** that the Uvinos recover from JBI the amount of $317,840.00 in general damages and $83,788.00 in consequential damages for their breach of contract claims, plus pre-verdict prejudgment interest thereon pursuant to the Summary Order from December 11, 2007 until March 16, 2012, amounting to $154,192.14, and $51,231.04 in damages for breach of its fiduciary duties, plus pre-verdict prejudgment interest thereon pursuant to the Summary Order from April 14, 2008 until March 16, 2012, the date on which the verdict was entered at New York State's statutory rate of 9%, amounting to $18,089.47, for a total pre-verdict prejudgment interest award of $172,281.61 as of March 16, 2012, for a total amount of $625,140.65 as of March 16, 2013, post-verdict prejudgment interest from March 16, 2012, the date on which the verdict was entered to present at New York State's statutory rate of 9%, amounting to $58,728.97 as of April 1, 2013, for a total amount of $683,869.62 as of April 1, 2013, and post-judgment interest from the date of entry of the within judgment until such date that the total award of damages is paid pursuant to 28 U.S.C. § 1961;

**FURTHER ORDERED AND ADJUDGED** that JBI shall recover from the Uvinos the amount of $47,233.00, plus pre-verdict prejudgment interest pursuant to the Summary Order from January 16, 2008 until March 16, 2012, the date on which the verdict was entered at New York State's statutory rate of 9%, amounting to $17,714.32 as of March 16, 2012, for a total amount of $64,947.32 as of March 16, 2013, post-verdict prejudgment interest from March 16,

4

2012, the date on which the verdict was entered to present at New York State's statutory rate of 9%, amounting to $6,101.49 as of April 1, 2013, for a total amount of $71,048.81 as of April 1, 2013, and post-judgment interest from the date of entry of the within judgment until such date that the total award of damages is paid pursuant to 28 U.S.C. § 1961, which amounts having been previously bonded by the Uvinos and recovery of which shall be made solely against said bond;

**FURTHER ORDERED AND ADJUDGED** that the Uvinos judgment as against KMA has been fully and completely satisfied;

**FURTHER ORDERED AND ADJUDGED** that KMA did not prove its breach of contract claim against the Uvinos; and

**FURTHER ORDERED AND ADJUDGED** that the Uvinos did not prove their breach of contract claim against Hampton.

**WHEREAS**, having received argument at trial of the within matter with respect to motions for judgment as a matter of law, and based upon all evidence received into the record at the trial of the within action, and based upon all prior proceedings, pleadings and motions herein, and the Court having issued a bench decision on March 14, 2012 dismissing all causes of action alleged in the within action by the Uvinos as against John Barrows individually, dismissing the Uvinos' third and fifth claims as against JBI and dismissing the Uvinos' second, third and fourth claims as against KMA, it is hereby

**ORDERED AND ADJUDGED** that all claims alleged by the Uvinos as against John Barrows individually are hereby dismissed with prejudice;

**FURTHER ORDERED AND ADJUDGED** that the Uvinos' third and fifth claims as against JBI are hereby dismissed with prejudice; and

**FURTHER ORDERED AND ADJUDGED** that the Uvinos' second, third and fourth claims as against KMA are hereby dismissed with prejudice.

**WHEREAS**, this Court, having received no appearance at trial of the within matter by Third Party Defendant Valdespino Custom Builders ("Valdespino"), and based upon all prior proceedings, pleadings and motions herein, and all parties having had full and fair opportunity to present their claims before the court, it is hereby

**ORDERED AND ADJUDGED** that Valdespino has defaulted on its claims as asserted by and against the Uvinos and, as such, all claims alleged by Valdespino asserted against the Uvinos are hereby dismissed with prejudice and the Uvinos have judgment on all claims asserted by them against Valdespino.

**SO ORDERED:**

Dated: Central Islip, New York
April __, 2013

                                              **The Honorable Leonard D. Wexler**
                                              **Senior United States District Judge**