12-4094-cv
J. Barrows Inc. v. Uvino



UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York  the 14th day of March, two thousand thirteen.

Present:   GUIDO CALABRESI,
           ROSEMARY S. POOLER,
           REENA RAGGI,
                   *Circuit Judges*.

J. BARROWS, INC.,

       *Appellee*,

    -v-                12-4094-cv

JOSEPH UVINO, WENDY UVINO,

       *Appellants*.[1]

Appearing for Appellant: William F. Dahill, Wollmuth Maher & Deutsch LLP, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

---

[1]The Clerk of the Court is directed to amend the caption as set forth above.

Joseph and Wendy Uvino appeal from the judgment, entered October 5, 2012, of the United States District Court for the Eastern District of New York (Wexler, *J.*), which failed to provide for an award of pre-verdict, pre-judgment interest. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court erred in failing to award pre-verdict, pre-judgment interest, which is mandatory in New York for both breach of contract and breach of fiduciary claims. N.Y. C.P.L.R. § 5001(a). "The purpose of § 5001(a)'s award of prejudgment interest in property actions is 'to assure complete indemnification to plaintiffs whose property ha[s] been damaged by the wrongful act of another.'" *Lewis v. S.L. & E., Inc.*, 831 F.2d 37, 39 (2d Cir. 1987) (citation omitted). Pre-judgment interest attaches to the fiduciary duty breach where, as here, the damages awarded were compensatory for property damage. *Id.* Thus, "[i]n order to provide the successful claimant with complete indemnification, prejudgment interest must be awarded from the date of the adjudicated deprivation." *Mar Oil, S.A. v. Morrissey*, 982 F.2d 830, 845 (2d Cir. 1993). We remand to the district court to (1) determine a date for the award of pre-verdict, pre-judgment interest; and (2) to adjust the post-verdict interest award to include the pre-verdict, pre-judgment interest. N.Y. C.P.L.R. § 5002 ("Interest shall be recovered upon the total sum awarded, including interest to verdict. . . . ").

Accordingly, the judgment of the district court hereby is VACATED and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit